COFFELT v. GORDON.

5-3532 and 5-3533                    385 S. W. 2d 939

Opinion delivered January 25, 1965.

*Kenneth Coffelt,* for appellant.

*Gordon & Gordon, Felver A. Rowell, Jr.* and *E. B. Dillon, Jr.* for appellee.

GEORGE ROSE SMITH, J. In each of these two companion cases the trial court entered an order sustaining a demurrer to the complaint and granting the plaintiff ten days in which to amend. Both plaintiffs filed notices

of appeal and in due time lodged the records in this court.

The appellees have filed motions to dismiss the appeals, under our settled rule that an order which merely sustains a demurrer, without dismissing the complaint, is not a final appealable order. *Ark. State Board of Architects* v. *Larsen,* 226 Ark. 536, 291 S. W. 2d 269. The appellants, citing *Nunez* v. *O. K. Processors,* 238 Ark. 346, 381 S. W. 2d 754, have asked us to withhold our ruling upon the motions to dismiss and to permit the appellants to perfect the records by obtaining and bringing up the necessary final orders and notices of appeal therefrom.

We are unwilling to extend the doctrine of the *Nunez* case to the situation now before us. That case was unusual in that, despite the absence of a final order, both parties filed printed briefs in which the case was argued on its merits. It was evident that the appellee was willing to forego its right to have the appeal dismissed and preferred instead to submit the case for a decision on the merits. In the circumstances we invited the litigants to supply the deficiency in the record by agreement.

These cases are markedly different from that one. Here no briefs have been filed. The appellees, by filing their motions to dismiss, are insisting upon their right to take advantage of the jurisdictional defect in each record. We have no reason to think that the appellants are actually seeking a delay, but it is quite apparent that if we should allow time for the perfection of the records in this instance a precedent would be established that might readily be used for dilatory purposes in the future.

The appeals must be dismissed. To avoid needless expense, however, we think it appropirate to say that if the appellants elect to obtain the necessary final orders and to file their appeals therefrom we will entertain motions to permit the present transcripts to be used in those cases.

Appeals dismissed.

ROBINSON, J., not participating.