## C. A. BAWCOM *v.* ALLIS-CHALMERS CREDIT CORPORATION

74-12                                    508 S.W. 2d 741

Opinion delivered May 13, 1974

*W. H. Drew*, for appellant.

*David F. Gillison, Jr.*, for appellee.

FRANK HOLT, Justice. By conditional sales contracts, the appellant purchased certain farm equipment from appellee. Thereafter, appellee commenced a replevin action against appellant to repossess the equipment alleging delinquent payments on the unpaid balance. After giving notice of a proposed public sale to the highest bidder, appellee amended its complaint seeking a money judgment. After the auction, appellee filed a "Report of Sale" and prayed for a deficiency judgment. Appellant moved to strike the amended complaint and "Report of Sale" on the theory of election of remedies.

The lower court, with approval of appellant and appellee, granted possession of the farm equipment replevied but dismissed appellee's "Amendment to Complaint and Report of Sale" because of "improper joinder in an action of replevin." Subsequently, appellee brought the present action for a deficiency judgment as asserted in the previous replevin action. Appellant answered claiming damages for malicious

prosecution and asserting non-compliance with our Uniform Commercial Code; i.e., Ark. Stat. Ann. §§ 85-9-501-507 (Add. 1961). Appellant moved for summary judgment on the theory that the former action was res judicata and appellee had elected to replevy and was, therefore, limited to that remedy. Appellee answered with responsive pleadings. The denial of appellant's motion for summary judgment was then appealed without further determination of the cause.

We do not reach the merits of appellant's contentions. The denial of appellant's motion for summary judgment, being merely interlocutory, is not a final order and, therefore, is not reviewable on appeal. *Widmer* v. *Ft. Smith Veh. & Mach. Co.*, 244 Ark. 971, 429 S.W. 2d 63 (1968). See also *Life and Casualty Insurance Co. of Tenn.* v. *Gilkey,* 255 Ark. 1060, 505 S.W. 2d 200 (1974); *Ross* v. *McDaniel,* 252 Ark. 253, 478 S.W. 2d 430 (1972); and *Deposit Guaranty* v. *River Valley,* 247 Ark. 226, 444 S.W. 2d 880 (1969).

Appeal dismissed.