DANCO CONSTRUCTION COMPANY, INC.
*v.* CITY OF FORT SMITH, Arkansas et al

CA 79-320                                   598 S.W. 2d 437

Court of Appeals of Arkansas
Opinion delivered April 23, 1980
Released for publication May 14, 1980

1054

Tom Forest Lovett, P.A., for appellant.

Daily, West, Core, Coffman & Canfield, for appellees.

ERNIE E. WRIGHT, Chief Judge. This is an appeal from an order of the circuit court denying the defendant's motion for summary judgment.

The City of Fort Smith on February 12, 1974, filed action against appellant claiming damages arising out of the construction of a sewer line by the appellant. The City alleged appellant was negligent in failing to comply with plans and specifications in the construction and breached express and implied warranties of fitness with reference to materials used.

Danco answered the complaint denying the allegations and affirmatively interposing the five year statute of limitations, Ark. Stat. Ann. § 37-237 (Repl. 1962); and thereafter filed motion for summary judgment. Affidavits filed in support of the motion reflect that Danco completed the work under its contract with the City as of August 4, 1967, and the City paid the balance of the retainage on the contract to appellant on February 9, 1968. This was not disputed.

The City filed a response to the motion for summary judgment alleging there are genuine issues of material facts and affidavits showing the work performed by appellant was one phase of a sewer improvement project and the phase constructed by appellant was not connected for service until a

necessary pump station, an integral part of the total improvement, was completed and functional. This did not occur until early 1970. An affidavit on behalf of the City stated any defect in the line constructed by appellant would not become manifest until the pump station was completed.

The action was commenced within five years from the time the line constructed by appellant was connected for service, but after five years had elapsed from the completion of appellant's portion of the sewer improvement project.

· The court found there is a genuine issue of material fact and overruled appellant's motion for summary judgment. However, in the order the court stated a conclusion of law, "That the claim by the City of Fort Smith is not barred by the Statute of Limitations".

Appellant contends the court erred by including in the order the finding or ruling the City is not barred by the statute of limitations, and in denying appellant's motion for summary judgment. The appellant further contends the only question presented by the motion is a question of statutory construction and that the court erred in finding a genuine issue of fact exists between the parties.

The rule is well settled that a denial of a summary judgment is deemed an interlocutory order and not a final order from which appeal may be taken. Rule 2, Rules of Appellate Procedure. *Bawcom* v. *Allis-Chalmers Credit Corporation,* 256 Ark. 569, 508 S.W. 2d 741 (1974). The appellant argues the part of the order holding the City is not barred by the statute of limitations had the effect of granting a summary judgment in favor of the City on the issue of the statute of limitations even though the City did not seek a summary judgment, but only filed a response to appellant's motion. It further argues the inclusion of this ruling will operate to bar the appellant from offering evidence at trial on the facts pertinent to the defense of the statute of limitations.

We agree the court's order should have been limited to the single issue as to whether there is a genuine issue of

material fact, and when so limited the order is not appealable.

We reverse the portion of the order of the trial court finding or holding the City of Fort Smith is not barred by the statute of limitations. In doing so we make it clear we are not holding the City is not barred. In view of the determination by the court that there is a genuine issue of material fact, the motion for summary judgment should have been simply denied. The parties shall be permitted to introduce any further evidence they wish touching on the issue of the statute of limitations and on the date the statute began to run.

We do not review the court's denial of the motion for summary judgment since the order is interlocutory and not appealable. However, the part of the order ruling the City is not barred by the statute of limitations would operate to foreclose appellant from further asserting that defense and offering evidence at trial on that issue. That portion of the order is therefore a final disposition of that issue, and is therefore appealable.

Reversed in part and remanded.