Robert J. BROWN, Trustee in
Bankruptcy for INTERNATIONAL
FRANCHISOR'S, INC. et al *v.*
Don PHILLIPS et al

CA 80-174                                           606 S.W. 2d 85

Court of Appeals of Arkansas
Opinion delivered October 1, 1980

*Robert J. Brown*, P.A., by: *Robert J. Brown*, for appellant.

*Davidson, Plastiras, Horne, Hollingworth & Arnold, Ltd.*, by: *Michael O. Parker; Wallace, Hilburn, Clayton, May & Calhoon, Ltd*, by: *Charles E. Smith; E. Winton McInnis; Milas Hale; Jack Sims; Hugh Spinks; John B Thurman; Eichenbaum, Scott, Miller, Crockett, Darr & Hawk, P.A.*, by: *Boyce E. Hawk*, for appellees.

GEORGE HOWARD, JR., Judge. This is an appeal by Robert J. Brown, Trustee in Bankruptcy for International Franchisor's, Inc. and Paco's Hacienda, Inc., from orders sustaining demurrers filed by appellees and overruling appellant's motion for summary judgment in an action against the shareholders of International Franchisor's, Inc. and Paco's Hacienda, Inc., to recover $163,348.47.

The essential facts are:

Paco's Hacienda, Inc. and International Franchisor's, Inc. are corporations organized under the laws of the State of Arkansas. In fact, Paco is a subsidiary of International.

On January 20, 1973, Paco purchased the assets and trade name of Arkansas Catering Service, Inc., an Arkansas corporation. On February 16, 1973, the corporate charter of Paco was revoked for nonpayment of franchise tax; and on February 21, 1975, the corporate charter of International was revoked for nonpayment of franchise tax.

Subsequent to February 21, 1975, Arkansas Catering Service, Inc. incurred an indebtedness in the sum of $163,-348.47. On March 18, 1977, creditors of Paco and International initiated involuntary bankruptcy proceedings against these corporations.

On October 2, 1978, the trustee in bankruptcy instituted an action against the shareholders of International contending that they were personally liable for the debts of International, Paco and Arkansas Catering Service.

Appellant also alleged in his complaint that Arkansas Leasing Company was a partnership existing between shareholders, Walter O'Neal and Don Phillips; that the partnership removed assets belonging to Paco to Kansas City, Kansas, and sold them to Real Equities, Inc. of Kansas City, Kansas; and that Arkansas Leasing Company should be required to render an accounting.

The appellees, consisting of approximately 48 individuals, either filed answers, demurrers, amended answers or motions for summary judgment.

Pursuant to the demurrers and motions for summary judgment, the trial court entered the following orders on September 17, 1979, and October 16, 1979:

"The demurrers and motions for summary judgment filed on behalf of all parties who had no relationship to the corporations in question either as a stockholder, officer or director after February 21, 1975, are sustained and said parties are dismissed from this lawsuit.

"The Court further finds as to the other parties herein who were officers and/or board members that the plaintiff has ten days from the date of this Order to plead further and state a cause of action with respect to these parties."

. . .

"That the plaintiff's Motion for Summary Judgment is hereby overruled.

"That the various defendants' motions to dismiss plaintiff's complaint without prejudice is hereby overruled.

"In conformity with this Court's Order by Special Judge Riffel, signed September 17, 1979, it is hereby held that plaintiff's complaint fails to state sufficient facts to constitute a cause of action.

"Plaintiff is hereby granted ten (10) days in which to file an Amended Complaint alleging sufficient facts upon which relief can be granted.

"A trial of this matter is set for May 5, 1980."

"1. Robert J. Brown, Trustee in bankruptcy, plaintiff, appeals from the provisions of the second and fourth paragraphs . . . of the order of September 17, 1979 . . . and from the provisions of paragraphs three and four of the order of October 16, 1979 . . . ."

In *Coffelt* v. *Gordon*, 238 Ark. 974, 385 S.W. 2d 939 (1965), the Arkansas Supreme Court made the following pertinent observation:

". . . [U]nder our settled rule . . . an order which merely sustains a demurrer, without dismissing the complaint, is not a final appealable order. . . ."

In *Bawcom* v. *Allis-Chalmers*, 256 Ark. 569, 508 S.W. 2d 741 (1974), the Arkansas Supreme Court also commented:

"The denial of [a] motion for summary judgment, being merely interlocutory, is not a final order and, therefore is not reviewable on appeal."

The trial court, in sustaining the demurrers in the two

orders set forth gave the plaintiff ten days in which to plead further and a trial was scheduled for May 5, 1980. The court did not dismiss the plaintiff's complaint. It is clear under *Bawcom* and *Coffelt* that as far as these orders dealt with the demurrers and plaintiff's motion for summary judgment, these orders were not appealable, and, accordingly, the appeal is dismissed.

While paragraph 2 of the order of September 17, 1979, involving demurrers and motions for summary judgment on behalf of "all parties who had no relationship to the corporations in question either as a stockholder, officer or director after February 21, 1975, are sustained and said parties are dismissed from this lawsuit" is final and appealable, we are unable to review this matter inasmuch as the order does not identify persons affected, nor is it indicated in what way appellant has been prejudiced by the trial court's ruling. Consequently, we reverse and remand to the trial court for further proceedings not inconsistent with this observation.

Appeal dismissed, except the case is reversed and remanded as to the dismissal of appellant's complaint to "all parties who had no relationship to the corporations in question either as a stockholder, officer or director after February 21, 1975."