Karen JAGGERS and Thelma Harper CASEY *v.* Gary
ZOLLIECOFFER and Linda ZOLLIECOFFER

86-61                                                718 S.W.2d 441

Supreme Court of Arkansas
Opinion delivered November 3, 1986
[Rehearing denied December 8, 1986.]

*Steve Clark*, Att'y Gen., by: *Jeffrey E. Story*, Asst. Att'y Gen., for appellant.

*Witt Law Firm*, by: *Ernie Witt*, for appellee.

DAVID NEWBERN, Justice. The appellants are two social workers, employed by the state, who are being sued for violation of the civil rights of the appellees. The action was brought pursuant to 42 U.S.C. § 1983 (1976) and 42 U.S.C. § 1985 (1976). The appellants moved for summary judgment contending they are "entitled to the defense of absolute immunity or in the alternative qualified immunity, thus barring any recovery by plaintiff[s]." The denial of the summary judgment motion is the subject of this appeal. We must dismiss the appeal because there has been no final or other appealable order as prescribed by Ark. R. App. P. 2(a).

The appellees do not argue the lack of appealability of the order, but we may and should consider the issue because, absent an appealable order, we lack jurisdiction. *3-W Lumber Co. v. Housing Authority for the City of Batesville*, 287 Ark. 70, 696 S.W.2d 725 (1985); *Arkansas Savings & Loan Association v. Corning Savings & Loan Association*, 252 Ark. 264, 478 S.W.2d 431 (1972).

The appellants have argued that the denial of summary judgment is appealable in this instance because the United States Supreme Court has held that such a denial is appealable when the basis of the motion is absolute or qualified immunity. The appellants cite principally *Mitchell* v. *Forsyth*, ___ U.S. ___, 105 S. Ct. 2806 (1985), and other federal court decisions which have followed it. That case was one in which former United States Attorney General John Mitchell was sued by a person alleging his rights were violated by a wiretap authorized by Mitchell, for which no warrant had been issued. After years of discovery and other wrangling, the United States district court denied Mitch-

ell's motion for summary judgment which he had sought on the basis of absolute immunity as a cabinet officer empowered to protect the national security. The court ultimately granted the plaintiff's summary judgment motion thus denying Mitchell's alternative claim of qualified immunity, holding Mitchell liable and leaving only the question of damages to be tried.

Mitchell appealed. The United States Court of Appeals for the Third Circuit held the denial of Mitchell's summary judgment motion based on absolute immunity was an appealable order, citing *Nixon* v. *Fitzgerald*, 457 U.S. 731 (1982), even though the issue of damages remained to be tried. *Forsyth* v. *Kleindienst*, 700 F.2d 104 (3d. Cir. 1983). The appealability of that order was not at issue in the Supreme Court. However, the court of appeals held that the granting of the summary judgment as to liability in the face of Mitchell's claim of qualified immunity had not terminated the case and was not a final, appealable order. The Supreme Court affirmed the court of appeals decision that Mitchell was not entitled to claim absolute immunity, but it held the court of appeals erred in refusing to review the district court's decision that Mitchell was not entitled to a qualified immunity. The court of appeals decision thus was reversed to the extent its refusal to review Mitchell's claim of qualified immunity left standing the district court's erroneous decision that Mitchell was not entitled to qualified immunity.

The appellants do not explain how any of this is relevant to whether the circuit court's decision in the case before us is a final, appealable order pursuant to Ark. R. App. P. 2(a). Perhaps they believe that because federal law is the basis of the merits of the claim against them we are bound by the procedural determinations in *Mitchell* v. *Forsyth, supra.* We are aware of some instances in which it has been held that, where federal law is to be the basis of rights and remedies in state courts, state procedural rules may not be used to take away relief which Congress intended to grant, *see, e.g., Dice* v. *Akron, Canton & Youngstown Railroad Co.*, 342 U.S. 359 (1952); *Brown* v. *Western Railway of Alabama*, 338 U.S. 294 (1949); Note, 73 Harv. L. Rev. 1551 (1961), but no such argument has been made in this case.

We have been cited to no authority holding that a state employee being sued pursuant to § 1983 is entitled to the same

immunity from suit which applies to federal officers as discussed in *Mitchell* v. *Forsyth, supra*, and *Harlow* v. *Fitzgerald, infra.* In *Doe* v. *County of Suffolk*, 494 F. Supp. 179 (1980), a case much like this one, the court found no absolute immunity applied to a New York social worker and implied that the state legislation on immunity governed in a § 1983 action. Thus we have been given no reason to hold that the claim of immunity in this case is based upon a federally created right, and therefore we do not feel constrained in any way to ignore the requirements of Ark. R. App. P. 2(a).

*Mitchell* v. *Forsyth, supra*, construes 28 U.S.C. § 1291 (1976) which is the federal statute requiring finality of the order to be appealed. The exception to the finality requirement which is expanded in that case appeared in *Cohen* v. *Beneficial Industrial Loan Corporation*, 337 U.S. 541 (1949). There it was held that a United States district court's order denying a defendant's motion to require the plaintiff to post a bond for costs in a shareholder's derivative suit was appealable. The Supreme Court held that such an order could be appealed if it were separable from the merits of the case and if it denied an alleged right which would probably be irretrievably lost if not reviewed until the entry of the final judgment.

If we are being asked, and again we have to speculate, to develop an exception to the application of our own finality requirement, this is surely not the case in which to do it. In *Mitchell* v. *Forsyth, supra*, it is clearly stated that the qualified immunity of federal officials is an *immunity from suit*, citing *Harlow* v. *Fitzgerald*, 457 U.S. 800 (1982). In the case before us, the only solid basis we have been given for the appellants' immunity claim is their status as social workers employed by the Arkansas Department of Human Services. The state law basis for their immunity is spelled out in Ark. Stat. Ann. § 42-814 (Repl. 1977) as follows:

> Good faith report — Immunity from liability — Any person, official or institution participating in good faith in the making of a report, the taking of photographs or the removal of a child pursuant to this Act [§§ 42-807—42-818], shall have immunity from any liability, civil or criminal, that otherwise might result by reason of such

actions. For the purpose of any proceedings, civil or criminal, the good faith of any person required to report cases of child abuse, sexual abuse or neglect shall be presumed. . . .

If this statute is the sole basis for their immunity claim, it is obviously a qualified rather than an absolute immunity, as it is dependent, in the case of removal of a child, upon a showing of good faith on the part of the official involved. More importantly, however, unlike the immunity of federal officials in some instances discussed in *Mitchell* v. *Forsyth, supra*, and *Harlow* v. *Fitzgerald, supra*, the statute provides only an *immunity from liability* if good faith is shown as opposed to an immunity from suit. While immunity from suit may be a right irretrievably lost if an official claiming immunity has to participate in a trial on the merits, immunity from liability is no such right.

In their motion for summary judgment these appellants referred to their claim of immunity as a "defense . . . barring recovery" by the appellees. In that, again assuming § 42-814 is the only basis of their immunity claim, they were correct. Under our law whatever immunity the appellants may have pursuant to that statute must be determined at the trial on the merits unless their motion for summary judgment leaves no factual question as to their good faith.

The trial court has rejected the appellants' summary judgment motion, and despite the departure of federal courts from the finality requirement of 28 U.S.C. § 1291 (1976), we find no reason to depart from our interpretation of Ark. R. App. P. 2(a) that denial of a summary judgment motion is not a final, appealable order. *Danco Construction Co.* v. *City of Fort Smith*, 268 Ark. 1053, 598 S.W.2d 437 (1980). *See also Gibson* v. *Pickett*, 256 Ark. 1035, 512 S.W.2d 532 (1974); *Proctor Seed & Feed Co., Inc.* v. *Hartford Accident & Indemnity Co.*, 253 Ark. 1105, 491 S.W.2d 62 (1973).

Appeal dismissed.

SMITH, J., concurs.

GEORGE ROSE SMITH, Justice, concurring. I concur in the result only. We have held a dozen or more times that there is no appeal from the denial of a motion for summary judgment. I see

no reason to explore the matters discussed in the majority opinion.