MEDICAL AND DENTAL CREDIT BUREAU, INC. *v.*
LAKE HAMILTON CAMP AND CONFERENCE
GROUNDS

86-161                                    724 S.W.2d 477

Supreme Court of Arkansas
Opinion delivered March 2, 1987
[Supplemental Opinion on Denial of Rehearing April 20, 1987.]

*Hobbs, Longinotti, Bosson & Naramore*, by: *Richard W. Hobbs,* for appellant.

No brief filed. .

ROBERT H. DUDLEY, Justice. The appellant, Medical and Dental Credit Bureau, Inc. held a judgment against a debtor and attempted to collect the judgment by causing a writ of garnishment to be issued against appellee. Appellee answered. Appellant moved for summary judgment contending that the appellee's answer to the garnishment proceeding was not verified. *See* Ark. Stat. Ann. § 31-506 (Repl. 1962). The trial court denied the motion for summary judgment. Appellant seeks to appeal from that denial. We dismiss the appeal.

It is well settled that the denial of a summary judgment is deemed an interlocutory order and not a final order from which an appeal may be taken. Rule 2, Rules of Appellate Procedure; *Bawcom* v. *Allis-Chalmers Credit Corp.*, 256 Ark. 569, 508 S.W.2d 741 (1974).

Dismissed.

Supplemental Opinion on Denial of Rehearing
April 20, 1987

727 S.W.2d 382

Petition for rehearing; denied.

ROBERT H. DUDLEY, Justice. On March 2, 1987, the Court dismissed this appeal on the ground that denial of a motion for summary judgment in a garnishment proceeding is an interlocutory order and, therefore, not appealable.

In a petition for rehearing, the petitioner earnestly contends that garnishment is a proceeding which is ancillary to the main action between the plaintiff and defendant and the order releasing the garnishee finally disposes of the garnishment portion of the action and is appealable. We agree with the petitioner's statement of law. In fact, Rule 2(a)(5), Rules of Appellate Procedure provides that an appeal may be taken from "an order which vacates or sustains an attachment or garnishment." The distinction between that facet of law and this case is that in this case there is no order vacating or sustaining a garnishment, instead there is only an order denying a motion for summary judgment.

353-B

Petition for rehearing denied.