

# SUPREME COURT OF ARKANSAS

**No.** CV–16–183

|  |  |  |  |
|---|---|---|---|
| | | **Opinion Delivered:** February 23, 2017 | |
| CARDINAL HEALTH | | | |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. CV-14-3231] | |
| V. | | | |
| BETH'S BAIL BONDS, INC. | | HONORABLE TIMOTHY DAVIS FOX, JUDGE | |
| | APPELLEE | | |
| | | MOTION TO DISMISS DENIED; REVERSED. | |

**SHAWN A. WOMACK, Associate Justice**

Appellant Cardinal Health appeals from the Pulaski County Circuit Court's denial of its motion for relief from an order to pay in a garnishment proceeding. Appellee Beth's Bail Bonds filed a motion to dismiss this appeal, which we opted to dispose of alongside the merits of the appeal. For the reasons discussed below, we deny the motion to dismiss and reverse the circuit court's denial of Cardinal Health's motion for relief.

## I.    *Facts*

Beth's Bail Bonds filed a breach–of–contract claim against Cassondrea Livingston and Calvin Stovall. The circuit court entered a default judgment for $26,235 as to Livingston. The clerk issued a writ of garnishment based on the allegation that Cardinal Health possessed assets belonging to Livingston for the satisfaction of the default judgment. Cardinal Health was served with the writ through certified mail in March 2015 and was directed to answer.

Cardinal Health answered the interrogatories included in the writ, stating that Livingston earned $14.64 hourly in Cardinal Health's employ.

The circuit court set a hearing for June 1, 2015. The court sent notice of this hearing electronically on May 27, 2015, but sent it only to the counsel for Beth's Bail Bonds, Thomas Burns. The notice of the hearing stated that it was "the responsibility of the parties/attorneys to notify [the court] of any parties/attorneys who have been inadvertently omitted from this notice."

Beth's Bail Bonds did not serve a copy of the hearing notice on Cardinal Health. The only communications between the parties between the date of service of the writ of garnishment and the date of the hearing were (1) Burns's notice and entry of appearance and (2) a proposed draft of the order to pay, both sent on May 1, 2015. Neither document indicated the date or existence of the June 1, 2015 hearing, which had been scheduled only five days prior to the hearing.

When Cardinal Health did not appear at the June 1, 2015 hearing, the circuit court stated that Cardinal Health had made "several errors" and had been "given an opportunity when this hearing was set to realize that some huge misprision had been made." The circuit court issued an order to pay for $26,874, which is the original amount of the judgment against Livingston plus postjudgment interest. The order was entered on the day of the hearing, but it was not served on Cardinal Health until October, long after the deadline for appeal had passed.

Cardinal Health filed a motion for relief or in the alternative for an extension of the time to appeal. The circuit court denied the motion. Cardinal Health filed a notice of appeal.


The circuit court also denied a motion to stay execution of the order to pay pending the appeal. We granted a motion to stay execution. Beth's Bail Bonds filed a motion to dismiss this appeal for lack of appellate jurisdiction, and we dispose of that motion with the case.

## II.    *Motion to Dismiss*

This appeal comes to us under Rule 2(a)(5) of the Arkansas Rules of Appellate Procedure–Civ., which authorizes us to hear an appeal from "an order which vacates or sustains an attachment or garnishment." Beth's Bail Bonds argues that this is not such an action, because it is an appeal from the denial of a postjudgment motion for relief from December 2015 rather than from the initial writ of garnishment or the order to pay from June 2015.  Beth's Bail Bonds additionally argues that Cardinal Health waived its alternative argument requesting an extension of the time to appeal from the June order based on the way Cardinal Health abbreviated the title of the motion in the amended notice of appeal.

The argument that this is not an "order which vacates or sustains an attachment or garnishment" is unsupported by the plain language of the rule. When the circuit court denied the motion for relief, the direct effect of that denial was to sustain Cardinal Health's responsibility to pay the garnished amount. If the circuit court had granted the motion for relief instead, the garnishment would have been vacated.

The cases in which we have interpreted the rule's language offer no support for the position of Beth's Bail Bonds either. In *Medical & Dental Credit Bureau, Inc. v. Lake Hamilton Bible Camp & Conference Grounds*, 291 Ark. 353, 727 S.W.2d 382 (1987), we held that the denial of summary judgment in a case involving an issue of garnishment was not an appealable matter within the meaning of Rule 2(a)(5). Unlike a postjudgment motion for

relief, appeals from summary-judgment denials are expressly limited in Rule 2(a)(10) to include only situations involving the defense of sovereign immunity. In *Denney v. Denney*, 2015 Ark. 257, 464 S.W.3d 920, we held that Rule 2(a)(5) did not permit an interlocutory appeal from an order temporarily sustaining a mechanics' lien, because a lien was not an attachment or garnishment. Here, it is clear that Cardinal Health's funds are subject to garnishment within the meaning of the rule.

Beth's Bail Bonds also argues that Cardinal Health waived its ability to argue for an extension of time to appeal. Because we conclude in Section III of this opinion that the circuit court's denial of the motion for relief should be reversed, we do not need to reach the alternative argument about the extension of time to appeal. We deny the motion to dismiss for lack of jurisdiction and move on to the merits of Cardinal Health's appeal.

## III.    *Notice*

Cardinal Health argues that its due-process rights were violated when the circuit court entered an order to pay against it during a hearing for which Cardinal Health received no notice. We review de novo the circuit court's denial of Cardinal Health's motion for relief because it turns entirely on an issue of law. *See, e.g.*, *Preston v. Stoops*, 373 Ark. 591, 593, 285 S.W.3d 606, 609 (2008).

The uncontested facts of this case justify reversal of the circuit court's decision not to grant relief from the order to pay. The statutory scheme for garnishment proceedings sets some procedural rules, but the general rules of civil procedure fill in the gaps. The statute even makes this hybrid nature clear. Arkansas Code Annotated section 16–110–402(b)(1)(A) (Repl. 2016) states that a writ of garnishment "shall be directed, served, and returned in the

same manner as a writ of summons." The relevant consideration, then, is Rule 5 of the Arkansas Rules of Civil Procedure, which sets out the requirements for "every pleading and every other paper, including all written communications with the court, filed subsequent to the complaint." Rule 5(b)(2) permits service by electronic communication with an attorney for the party, but it is "not effective if it does not reach the person to be served."

Cardinal Health did not receive notice of the June 1, 2015 hearing. The only communications between the parties were the initial writ of garnishment, Cardinal Health's reply, Burns's notice of appearance, and the proposed order to pay. None of these documents contained the date, or acknowledged the existence, of the hearing; indeed, they were all sent before the hearing was even scheduled. We typically insist on strict compliance with statutory service and notice requirements. *See, e.g.*, *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 374–75, 921 S.W.2d 944, 945 (1996). The limited exceptions we have recognized certainly do not include the circumstances here, where there was neither an attempt to alert Cardinal Health of the hearing nor an actual awareness of it on Cardinal Health's part. Proceedings that suffer from these fatal flaws are void from the beginning. *Id*. at 375, 921 S.W.2d at 945.

## IV.    *Conclusion*

Requiring notice when one party attempts to use the courts to affect another party's liberty or property is at the very core of our legal system's obligation to protect the constitutional right to due process. That requirement was not met here.

We reverse the circuit court's denial of Cardinal Health's motion for relief from the order to pay, and we vacate all proceedings in the garnishment action that have occurred since the defective notice.

Motion to dismiss denied; reversed.

*Jackson Lewis P.C.*, by: *James R. Mulroy II*; and *Barber Law Firm, PLLC*, by: *J. Carter Fairley* and *S. Brent Wakefield*, for appellant.

*Charles D. Hancock*, for appellee.