Cite as 2023 Ark. App. 232

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-22-228

| | | |
|---|---|---|
| STEVEN BOGLE | APPELLANT | Opinion Delivered April 19, 2023 |
| | | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63DR-18-311] |
| V. | | |
| | | HONORABLE ROBERT HERZFELD, JUDGE |
| MARY HANNA | APPELLEE | DISMISSED IN PART; REVERSED AND REMANDED IN PART |

**WENDY SCHOLTENS WOOD, Judge**

Appellant Stephen Bogle brings two points on appeal in this modification-of-child-support case. First, he argues that the Saline County Circuit Court erred by deviating from the child-support chart without a proper basis, and second, he contends that the modification should have been retroactive to the date he filed his motion to modify, entitling him to a $1,268 credit. We cannot reach Stephen's first point because he failed to file a timely notice of appeal from the order modifying child support; thus, we have no jurisdiction. We agree with him on the second point, and we reverse and remand.

Stephen and appellee Mary Hanna were divorced on May 18, 2018, after twenty years of marriage. The divorce decree awarded the parties joint legal custody of their minor child with Mary as the primary custodial parent. In relevant part, the decree ordered the parties'

home to be sold and the proceeds split equally between the parties; provided that the parties should retain their respective nonmarital property and the marital property currently in their possession; and contained the following paragraph regarding retirement assets:

> [Mary] waives any claims or interest to any TSP Benefits, 401K, Veteran Disability Benefits or pay; Military Retirement Pay, Civil Service Government Retirement Pay, or any other financial accounts, income or investments of [Stephen].

The following paragraph, which provides for child support, immediately followed the preceding paragraph regarding retirement assets:

> [Stephen] will pay child support based on his net income of $3,546 Bi-Weekly for child support purpose in the sum of $923.00 bi-weekly beginning on June 29th, 2018, through May 4, 2027, when the minor child . . . graduates from high school. Due to a disparity in earning the parties have agreed [Stephen] will pay $923.00 bi-weekly instead of $525.00 bi-weekly which also considers the defendant providing for the Medical, Dental & Vision Care of the minor child, the joint custody arrangement, and the income and assets both [Mary and Stephen] will have after the Decree is final. [Mary and Stephen] acknowledge it is their intent for the parties to share equal time with their minor child.

On July 6, 2021, Stephen filed a motion to modify child support alleging that he had retired. He claimed this resulted in a decrease in his income of greater than 20 percent, which Stephen alleged constituted a material change in circumstances warranting a reduction in child support. He asked the circuit court to reduce his child-support obligation as of August 2021 and to set an amount consistent with the family-support chart.

After a hearing on the matter, the circuit court entered an order on November 1 modifying Stephen's child-support obligation to $1,500 a month, a $350 monthly decrease. The circuit court recognized that it was deviating upward from the family-support chart's presumptive amount, finding that there were sufficient factors to do so, specifically citing

2

Mary's complete lack of income and Stephen's substantial retirement assets. Stephen filed a motion for reconsideration of the court's order modifying child support on November 12.

On November 19, the circuit court entered an income-withholding order/notice for support. On November 24, Stephen filed a motion for reconsideration of the income-withholding order.

The circuit court did not rule on Stephen's motions for reconsideration. Thus, the motion for reconsideration of the order modifying child support was deemed denied on December 12, and the motion for reconsideration of the income-withholding order was deemed denied on December 24. *See* Ark. R. App. P.–Civ. 4(b)(1) (2022). On January 18, 2022, Stephen filed a notice of appeal designating the order modifying child support, the income-withholding order, and the deemed denials of both motions for reconsideration.

Before we turn to the merits of this appeal, we must first examine our jurisdiction. The failure to file a timely notice of appeal deprives this court of jurisdiction. *Harold Ives Trucking Co. v. Pro Transp., Inc.*, 341 Ark. 735, 19 S.W.3d 600 (2000). Arkansas Rule of Appellate Procedure–Civil 4(a) provides that a notice of appeal generally must be filed within thirty days from the entry of the judgment, decree, or order from which an appeal is taken. If a party files any type of motion to vacate, alter, or amend the judgment within ten days after entry of the judgment, as occurred in this case, the time for filing the notice of appeal is extended to thirty days after the entry of the order disposing of the last motion outstanding. Ark. R. App. P.–Civ. 4(b)(1). If the circuit court neither grants nor denies such motion within thirty days of its filing, the motion is deemed denied by operation of law as

of the thirtieth day, and the notice of appeal must be filed within thirty days from that date.

*Id.*

Stephen's first point on appeal is from the circuit court's order modifying child support, which was entered on November 1. This order is a final order from which a timely appeal is a prerequisite to our jurisdiction.[1] *See* Ark. Code Ann. §§ 9-12-314(b), 9-14-234(b) (Repl. 2020). Stephen's motion for reconsideration of this order was deemed denied on December 12, making the notice of appeal from that order due on January 11, 2022. Stephen's notice of appeal was filed on January 18. Accordingly, we lack jurisdiction and must dismiss his appeal from this order. *Allen v. Allen*, 2013 Ark. App. 292, at 4–5 (holding that lack of timely notice of appeal from the deemed denial of the appellant's motion for reconsideration deprived this court of jurisdiction).

We turn now to Stephen's second point on appeal, which is from the income-withholding order and the deemed denial of his motion for reconsideration of that order, which occurred on December 24. While an income-withholding order is a device designed to facilitate the payment and collection of child support, the circuit court's denial of Stephen's motion for reconsideration of that order constitutes an "order which vacates or

---

[1]*McWhorter v. McWhorter*, 2009 Ark. 458, at 6, 344 S.W.3d 64, 68 (an order establishing a monthly child-support obligation is a final order for appeal purposes); *Stewart v. Norment*, 328 Ark. 133, 941 S.W.2d 419 (1997) (confirming that any order containing a provision for child-support payments is a final judgment); *Burnett v. Burnett*, 313 Ark. 599, 605, 855 S.W.2d 952, 955 (1993) (holding that any decree that contains a provision for the payment of child support shall be a final judgment until either party moves to modify the order).

sustains an attachment or garnishment" appealable under Rule 2(a)(5) of the Arkansas Rules of Appellate Procedure–Civil. *See Cardinal Health v. Beth's Bail Bonds, Inc.*, 2017 Ark. 54, at 3, 511 S.W.3d 327, 329. Stephen's notice of appeal, filed on January 18, is timely to appeal from that order.

Stephen argues that the circuit court erroneously failed to include in the income-withholding order a credit for his overpayment of child support. Specifically, he argues that he should have received credit for the amount he paid over $1,500 a month after July 6, the date he filed his motion for modification, through November 1, the date the court entered its order modifying child support, which he alleges amounts to $1,268. Stephen cites Arkansas Code Annotated section 9-14-107(d) (Supp. 2021), which provides that a modification in child support "shall be effective as of the date of service on the other party of the file-marked notice of a motion for increase or decrease in child support unless otherwise ordered by the court."

We review this issue for an abuse of discretion. *Riddick v. Harris*, 2016 Ark. App. 426, at 14, 501 S.W.3d 859, 870. Subsection (d) mandates that a modification in child support is retroactive to the date of service of the motion for modification "unless otherwise ordered by the court." In considering the meaning of a statute, we consider it just as it reads, giving the words their ordinary and usually accepted meaning. *Miller v. Enders*, 2013 Ark. 23, at 6, 425 S.W.3d 723, 727. Here, the circuit court was silent in its order modifying child support regarding when, exactly, the reduction in child support was to begin, and the court did not award Stephen credit for his overpayment of child support in the income-withholding order.

Because the court did not "otherwise order" an effective date, we hold that the modification is effective as of the date of service on Mary of the file-marked notice of Stephen's motion for modification. Accordingly, we reverse and remand for the circuit court to calculate the overpayment and enter an order accounting for this amount in future child-support payments.

Dismissed in part; reversed and remanded in part.

HARRISON, C.J., and GLADWIN, J., agree.

*Fuqua Campbell, P.A.*, by: *Eric Gribble*, *Haley M. Heath*, and *Chris Stevens*, for appellant.

One brief only.