GRAND RIVER ENTERPRISES SIX NATIONS, LTD.,
and Advanced Marketing/Midsouth, Inc. *v.* Mike BEEBE, in his
official capacity as the Attorney General of the State of Arkansas

07-552                                                            277 S.W.3d 171

Supreme Court of Arkansas
Opinion delivered February 21, 2008

*Conner & Winters, LLP,* by: *John R. Elrod* and *P. Joshua Wisley,*
for appellants.

*Dustin McDaniel,* Att'y Gen., by: *Eric B. Estes,* Ass't Att'y Gen.,
for appellee.

TOM GLAZE, Justice. Canadian tobacco manufacturer
Grand River Enterprises Six Nations, Limited (Grand
River) and its American marketer appeal an order issued by the
Pulaski County Circuit Court that dismissed its claim against the
State. The State has filed a motion to dismiss the appeal, arguing that
because the matter was consolidated with another pending action, the
appeal is premature without a final judgment. When independently
filed actions have been consolidated for trial, an order that disposes of
one, but not all of the claims or suits is not appealable unless the circuit
court certifies the order as final under Ark. R. Civ. P. 54(b).

In 1998, Arkansas and forty-five other states executed the
"Master Settlement Agreement" with the nation's largest cigarette
manufacturers, requiring these manufacturers to make payments to
the states based on per-cigarette sales. In return, the states released

these manufacturers from certain past, present, and future claims. Tobacco manufacturers that are not part of the agreement, such as Grand River, are called Non-Participating Manufacturers, and the agreement encouraged the states to enact "escrow statutes" to require these non-participants to make deposits into an escrow account based on cigarette sales in that state.

In 2003, the Arkansas General Assembly passed Act 1073, Ark. Code Ann. §§ 26-57-1301 *et seq.*, which included a provision directing the Attorney General to develop and publish an Approved-for-Sale Tobacco Products Directory (Directory) of manufacturers authorized to conduct business in the state. Manufacturers that are not on the Directory cannot legally sell tobacco products within the state. Like all states participating in the Master Settlement Agreement, Arkansas enacted an escrow statute which allows the State to bring a civil action against any non-participating tobacco manufacturer that fails to deposit funds in escrow based on the previous year's sales, as well as remove it from the Directory.

In April 2006, the State notified Grand River of its pending removal from the Directory for failing to make the required deposit into an escrow account and for its failure to submit a mandatory certification form. In response, Grand River filed an action against the Arkansas Attorney General in his official capacity, arguing that removal from the Directory would violate its constitutional due process rights. The State then filed a complaint against Grand River based on that company's failure to make the escrow deposit based on its cigarette sales in the state during 2006 as required by law. Both the State and Grand River filed motions to dismiss the complaints against them. Following hearings on these motions, the Pulaski County Circuit Court filed orders on January 31, 2007, that (1) granted the State's motion to dismiss Grand River's claim in case CV-2006-5250; (2) denied Grand River's motion to dismiss the State's claim in case CV-2006-6047; and (3) consolidated *State v. Grand River*, CV-2006-6047, with *Grand River v. Beebe*, CV-2006-5250 for trial. However, Grand River chose to file this appeal of the circuit court's order in CV-2006-5250 that dismissed Grand River's claims against the State.

An appeal to the Arkansas Supreme Court requires a final judgment or decree by the circuit court that disposes of the matter or otherwise puts the court directive into execution. Ark. R. App. P.–Civ. 2(a)(1), (2); *see Petrus v. Nature Conservancy*, 330 Ark. 722,

725, 957 S.W.2d 688, 689 (1997). In cases involving multiple claims or parties, Ark. R. Civ. P. 54(b)(1) provides that the circuit court:

> may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment.

Whether an order dismissing a claim, which has been consolidated with another case, is final for purposes of appeal is a question of first impression for the court.

Where the Arkansas Rules of Civil Procedure are "substantially identical" to the corresponding Federal Rules of Civil Procedure, we may consider federal interpretations. *See City of Fort Smith v. Carter*, 364 Ark. 100, 107, 216 S.W.3d 594, 598 (2005). In this case, Arkansas's Rule 54(b) is substantially identical to the Federal Rule 54(b). Although federal circuit courts are divided on Federal Rule 54(b)'s application in consolidated cases, the fundamental purpose of Ark. R. Civ. P 54(b) is to avoid piecemeal appeals, *see, e.g., Cortese v. Atlantic Richfield*, 320 Ark. 639, 898 S.W.2d 467 (1995), and we are persuaded that the best approach is the bright-line rule used by the circuits that hold an appeal of a judgment disposing of fewer than all claims in a consolidated case requires Rule 54(b) certification. In *Trinity Broadcasting Corp. v. Eller*, the Tenth Circuit Court explained the rule as follows:

> Our adoption of any other rule would lead to the same piecemeal review [that] rule 54(b) seeks to prevent . . . [T]he district court is best able to assess the original purpose of consolidation and whether an interim appeal would frustrate that purpose.

827 F.2d 673, 675 (10th Cir. 1987), *cert. denied*, 487 U.S. 1223 (1988). *See also Blackman v. District of Columbia*, 456 F.3d 167 (D.C. Cir. 2006); *Sandwiches, Inc. v. Wendy's Int'l, Inc.* 822 F.2d 707 (7th Cir. 1987); *Huene v. United States*, 743 F.2d 703 (9th Cir. 1984); *Spraytex, Inc. v. DJS&T*, 96 F.3d 1377 (Fed. Cir. 1996).

■ While Grand River contends that the issues involved in the consolidated cases are "distinct," review of the pleadings shows that the issues are similar and intertwined. In fact, Grand River argued below in its motion to dismiss the State's action that the consolidated cases both concern "the alleged obligation of

Grand River to make escrow payments to the State of Arkansas pursuant to Ark. Code Ann. § 26-57-260." Yet, Grand River's contention does illustrate the soundness of a bright-line Rule 54(b) certification requirement: it places the initial determination of whether an order in a consolidated case is final for the purposes of appeal on the person who is in the best position to make that decision — the trial judge.

Accordingly, Grand River's appeal is dismissed without prejudice.