SLIP OPINION

Cite as 2015 Ark. 257

# SUPREME COURT OF ARKANSAS

No. CV-14-684

| | | |
|---|---|---|
| BOBBY DENNEY | | **Opinion Delivered** June 4, 2015 |
| | APPELLANT | |
| V. | | APPEAL FROM THE GRANT COUNTY CIRCUIT COURT [NO. 27-CV-2013-83-2] |
| JUSTIN DENNEY AND PEOPLES BANK | | HONORABLE EDDY R. EASLEY, JUDGE |
| | APPELLEES | |
| | | <u>APPEAL DISMISSED</u>. |

### RHONDA K. WOOD, Associate Justice

Appellant Bobby Denney filed an interlocutory appeal challenging the circuit court's order denying his motion for summary judgment and sustaining a lien on his property. Because this is not a proper interlocutory appeal and the judgment is not a final order, we must dismiss the appeal.

### I. *Facts and Procedural Background*

Bobby Denney entered into a contract with Justin Denney and his company, Denney Construction, for the construction of a new home. In this contract, Justin was identified as the "Contractor." Justin began purchasing the materials to build the house and arranging the services of other tradesmen that would be necessary for its construction. At some point after beginning the project, the parties had a disagreement about the trusses that were to be used in framing the building, and Bobby insisted that Justin cease all work and leave the construction site.

Justin thereafter served Bobby with the statutory notice outlined in Arkansas Code Annotated § 18-44-115(a)(7) (Supp. 2013), describing the lien on property that arises in favor of contractors, subcontractors, suppliers, and other materialmen if they are not compensated for their work. Justin next filed a document entitled "Laborer's, Mechanic's or Materialman's Lien" in which he claimed entitlement to $25,821.73 for his labor and services, as well as other labor and materials that he had arranged and for which he had already paid. Justin then filed the present suit that serves as the genesis of this appeal, in which he prayed for judgment in the same amount and requested that his lien be given priority over Peoples Bank, which had provided financing for the construction project.

Bobby moved to dismiss the suit for failure to state a claim, arguing that Justin had failed to serve him with the notice concerning potential liens that is required to be provided by contractors before the commencement of work, and, therefore, Justin was entitled to neither a lien nor any other type of recovery. *See* Ark. Code Ann. § 18-44-115(a)(3)−(4). Justin resisted the motion by asserting that he was merely acting as a subcontractor, that he was engaged in a direct sale under Arkansas Code Annotated § 18-44-115(a)(8), and that the statute's notice requirements did not apply. At the hearing on the motion to dismiss, the circuit court accepted testimony from three witnesses, including Bobby Denney and Justin Denney. Accordingly, the motion to dismiss was treated as a motion for summary judgment under Arkansas Rule of Civil Procedure 12(b).

After listening to the testimony, the circuit court denied the motion for summary judgment, finding that there were material issues of fact yet to be determined. The order also recites that "the Court sustains the lien attached to [Bobby Denney's] property."

SLIP OPINION

SLIP OPINION

Bobby then filed this interlocutory appeal and requested transfer of the case to this court, citing the need for clarification or development of the law regarding the direct-sales provision codified at Arkansas Code Annotated § 18-44-115(a)(8). The request for transfer was granted, and both parties now urge this court to interpret the lien statutes and render a ruling on the merits of the arguments presented.

## II. *Jurisdiction*

Even though none of the parties address it, the court has a duty to be certain it has jurisdiction, even if the parties do not raise the issue. *Smith v. Smith*, 337 Ark. 583, 990 S.W.2d 550 (1999). In this case, Bobby filed his interlocutory appeal alleging jurisdiction pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(5), which provides that an appeal may be taken from an order which vacates or sustains an attachment or garnishment. The court's order temporarily sustained a mechanics' and materialmen's lien, not an attachment within the meaning of this rule.

An attachment is "[a] writ ordering legal seizure of property (esp[ecially] to satisfy a creditor's claim) or of a person." *Black's Law Dictionary* 152 (10th ed. 2014). Our statutes outline the circumstances and procedures by which a party can obtain a writ of attachment. *See generally* Ark. Code Ann. §§ 16-110-101 et seq. (Repl. 2006 & Supp. 2013). None of the grounds for issuing the writ are present in this case, and Justin did not seek out a writ of attachment pursuant to those statutes; rather, he attempted to obtain a lien through the mechanics' and materialmen's lien statutes. The circuit court preliminarily sustained the mechanics' and materialmen's lien in this case, and its use of the word "attached" in the order was serving as a postpositive adjective modifying the noun

"lien." *See* Bryan A. Garner, *Garner's Modern American Usage* 648 (3d ed., Oxford University Press 2009). As used in the court's order, the word "attached" is completely unrelated to the noun "attachment," which is described in our Rules of Appellate Procedure and Arkansas Code Annotated §§ 16-110-101 et seq. Accordingly, there is no attachment subject to a proper interlocutory appeal at issue in this case within the meaning of Rule 2(a)(5).

We have explained that Rule 2 of the Arkansas Rules of Appellate Procedure–Civil requires that a judgment or decree be final in order for it to be appealable, with limited exceptions, and the purpose of this rule is to avoid piecemeal litigation. *Advanced Envtl. Recycling Techs., Inc. v. Advanced Control Solutions, Inc.*, 372 Ark. 286, 275 S.W.3d 162 (2008). As explained above, this case does not fit into one of the limited exceptions that would make this a proper interlocutory appeal under our rules. The parties also do not allege that the order appealed from is a final order, as we have clearly held that the denial of summary judgment is not a final order from which an appeal may be taken. *Med. & Dental Credit Bureau, Inc. v. Lake Hamilton Bible Camp & Conference Grounds*, 291 Ark. 353, 724 S.W.2d 477 (1987). Because the present appeal does not involve a final order and it is not one of the other types of permissive interlocutory appeals outlined in Rule 2, we conclude that it is an unauthorized interlocutory appeal. When an appellant pursues an unauthorized interlocutory appeal, the appeal will be dismissed. *Haile v. Ark. Power & Light Co.*, 322 Ark. 29, 907 S.W.2d 122 (1995).

Appeal dismissed.

*The Henry Firm, P.A.*, by:  *Matthew Henry*, for appellant.
*Walthall Law Firm, P.A.*, by:  *G. Christopher Walthall*, for appellee.