SLIP OPINION

Cite as 2017 Ark. 92

# SUPREME COURT OF ARKANSAS

No. CV–16–185

| | |
|---|---|
| ELIZABETH ANN WILLIAMSON, ADMINISTRATOR OF THE ESTATE OF CYNTHIA FRAZIER<br><br>APPELLANT<br><br>V.<br><br>BAPTIST HEALTH MEDICAL CENTER<br><br>APPELLEE | **Opinion Delivered** March 16, 2017<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-2012-930]<br><br>HONORABLE CHRISTOPHER PALMER, JUDGE<br><br><u>APPEAL DISMISSED;</u><br><u>COURT OF APPEALS OPINION</u><br><u>VACATED</u>. |

**JOSEPHINE LINKER HART, Justice**

Elizabeth Ann Williamson, administrator of the estate of Cynthia Frazier, appeals from a judgment entered and from the denial of a new-trial motion in a wrongful–death suit against Baptist Medical Center (Baptist). On appeal, she argues that the jury award omitted loss-of–life damages, rendering the award inadequate and contrary to the preponderance of the evidence. She also argues that the circuit court abused its discretion by substituting its verdict for that of the jury, and that the judgment entered grants Baptist an "unconscionable quadruple reduction in liability." In her supplemental argument, Williamson asserts that she did not waive the issue of the circuit court's misinterpretation of the verdict and, alternatively, the judgment on its face is not a final order. Baptist cross-appeals, contingent on this court ordering a new trial. It argues that the circuit court erred in giving certain jury instructions and in making some evidentiary rulings. We dismiss this appeal for lack of a final order.

Our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(e) (2016), as we granted a petition for review filed by Williamson after the Arkansas Court of Appeals affirmed. *Williamson v. Baptist Health Med. Ctr.*, 2016 Ark. App. 78. When we grant a petition for review, we consider the appeal as though it had been originally filed in this court. *Lagios v. Goldman*, 2016 Ark. 59, 483 S.W.3d 810.

Cynthia Frazier was fatally injured when she was struck by a car driven by fellow Baptist employee Cassandra Johnson as she walked from an employee parking lot across Emergency Drive on the Baptist campus. Frazier's estate sued Baptist for wrongful death. At the request of Baptist, the case was submitted to the jury on interrogatories. Interrogatory No. 5 contained the following language, "State the amount of damages, if any, which you find from the preponderance of the evidence was sustained by the Plaintiff in this case." The jury returned the following findings:

Answer:

$72,400.00 awarded to the Estate of Cynthia Frazier

$250,000.00 awarded to Elizabeth Williamson

$250,000.00 awarded to Emily Blohm

$250,000.00 awarded to Katherine Frazier

The jury was also instructed to determine the percentage of fault to be apportioned between Baptist, Johnson, and Frazier. It fixed the percentages at 20 percent, 62 percent, 18 percent, respectively.

Before we consider the arguments on appeal, we must first determine whether this

SLIP OPINION

court has jurisdiction to consider the merits. *Denney v. Denney*, 2015 Ark. 257, 464 S.W.3d 920. With the exception of certain interlocutory appeals listed in Rule 2 of the Arkansas Rules of Appellate Procedure–Civil, this court's appellate jurisdiction in civil matters is limited to final orders or judgments. Ark. R. App. P.–Civ. 2(a)(1). We have said that the requirement of a final judgment is the "cornerstone of appellate jurisdiction." *Ark. State Claims Comm'n v. Duit Constr. Co., Inc.*, 2014 Ark. 432, at 10, 445 S.W.3d 496, 503. Accordingly, determining whether we have jurisdiction requires us to construe the judgment.

"As a general rule, judgments are to be construed like other written instruments, and the legal effect of a judgment must be declared in light of the literal meaning of the language used." Am. Jur. 2d *Judgments* § 74 (2006). However, in *Ford Motor Co. v. Washington*, 2013 Ark. 88, this court held that a judgment is not final unless it sets forth the specific dollar amount owed by the defendant. When a judgment requires interpretation based on information not manifest on the face of the judgment, it is not a final order for appellate purposes. *Id.*

In *Ford*, as in the case before us, the case was submitted to the jury on interrogatories that asked the jury to both apportion fault and determine damages. The original judgment entered by the circuit court and placed before this court in *Ford* merely reproduced the interrogatories without further interpretation by the circuit court. *Id.* Accordingly, there existed on the face of the judgment an ambiguity—whether the jury had apportioned the fault in making its damages award or whether the apportionment had yet to be done. *Id.* That is exactly the situation we have in the case before us. Here, the jury found, and the circuit court

copied verbatim, the jury's response to the interrogatories wherein its apportionment of fault and the damages was expressed. Accordingly, our decision in *Ford* controls, and we must dismiss this appeal.

Appeal dismissed; court of appeals opinion vacated.

BAKER, J., concurs.

**KAREN R. BAKER, Justice, concurs.** I concur in the decision to dismiss the appeal for lack of a final order. Although we are constrained to follow our holding in *Ford Motor Co. v. Washington*, 2013 Ark. 88, at 5 (*Ford II*), I write separately to point out that the circuit court may simply review the *Ford* opinions to remedy the order.

In *Ford II*, we explained that "the judgment is not final because it does not set forth a specific dollar amount owed by Ford. Instead, the circuit court merely reproduced the jury's answers to the interrogatories and gave no further guidance." *Id*. After our remand in *Ford II*, Ford returned to the circuit court for entry of a final order. After entry of a revised order, Ford appealed, and the case returned for a third time to this court. Upon its return, in *Ford Motor Co. v. Washington*, 2013 Ark. 510, at 20, 431 S.W.3d 210, 222 (*Ford III*), in challenging the damages award, Ford sought a reduction in the compensatory-damages award. We disagreed and affirmed the circuit court's order. In our holding, we reviewed the jury instructions and determined that the jury had stated in the interrogatory the damages due only from Ford Motor Company. Based on this, the circuit court entered its final order and the amount due from Ford Motor Company. We affirmed and held that "[a]bsent evidence to the contrary, the jury is presumed to obey the instructions."

Here, Williamson's case is the same as presented on remand in *Ford II*, which we affirmed in *Ford III*. From the plain wording of the instructions in Williamson's case, the jury was directed to record in interrogatory no. 5 the damages that were attributable to Baptist Health Medical Center and no other party. However, because circuit court judgments are the judgments that are executed on to recover money damages, we must dismiss this appeal so that the circuit court can enter a judgment that conforms with the majority's opinion.

HART, J., joins.

*Appellate Solutions, PLC*, by: *Deborah Truby Riordan*; *Law Offices of Eric D. Wewers, PLLC*, by: *Eric D. Wewers*; and *Rochelle & McCullough, LLP*, by: *Greg Bevel* and *Kathryn Reid*, *pro hac vice*, for appellant.

*Munson, Rowlett, Moore & Boone, P.A.*, by: *Bruce Munson*, *Jane M. Yocum*, and *Ashleigh Phillips*, for appellees.