SLIP OPINION

Cite as 2017 Ark. 97

# SUPREME COURT OF ARKANSAS

No. CV-15-789

|  |  |
|---|---|
| | **Opinion Delivered:** March 16, 2017 |
| MALIK MUNTAQIM, ADC #088633<br>                                    APPELLANT | |
| | APPEAL FROM THE JEFFERSON<br>COUNTY CIRCUIT COURT<br>[NO. 35CV-15-184] |
| V. | |
| RAY HOBBS, Director of Arkansas<br>Department Correction; GAYLON LAY,<br>Warden of Cummins Unit; LARRY MAY,<br>Chief Deputy Director; GRANT HARRIS,<br>Deputy Director; WENDY KELLEY, Deputy<br>Director; RAYMOND NAYLOR, Internal<br>Affairs Administrator; RANDY WATSON,<br>Warden of Varner Unit; MARVIN EVANS,<br>Deputy Director; EDDIE SELVEY, Deputy<br>Warden ADC; CRYSTAL WOOD,<br>Classification Officer Cummins Unit;<br>MICHELLE WILLIAMS, Deputy Warden<br>Cummins Unit; PATRICIA BAXTER,<br>Mailroom Supervisor Cummins Unit;<br>LEONARD BANKS, Chaplain of Cummins<br>Unit; SGT S. COOK, Correctional Officer<br>Cummins Unit; TIFFANYE COMPTON,<br>Grievance Coordinator Central Office;<br>DENNISE ALEXANDER, Publication<br>Review Central Office; JAN SCUSSELL,<br>Publication Review Central Office; TAMI<br>AIKEN, Publication Review Central Office;<br>JOHN M. WHEELER, Religious<br>Administrator Central Office; APRIL<br>GIBSON, Grievance Officer Cummins Unit;<br>LISA R. HALL, Grievance Officer Cummins<br>Unit; MUHAMMAD AMEEN, Islamic<br>Chaplain Central Office<br>                                    APPELLEES | HONORABLE JODI RAINES<br>DENNIS, JUDGE<br><br>DISMISSED IN PART; REVERSED<br>AND REMANDED IN PART. |

**SHAWN A. WOMACK, Associate Justice**



Appellant, Malik Muntaqim, is an inmate in the custody of the Arkansas Department of Correction ("ADC"), Ouachita Unit. He claims that he was denied access to certain religious publications and the right to lead Nation of Islam religious services while in the custody of the ADC. Muntaqim claims these two restrictions violate his rights under the First and Fourteenth Amendments to the United States Constitution, the Religious Land Use and Institutionalized Persons Act ("RLUIPA") 42 U.S.C. §§ 2000cc (2000), *et seq.*, and the Arkansas Constitution. Muntaqim is appealing the circuit court's denial of his motion for summary judgment and a preliminary injunction. We dismiss the appellant's appeal from the motion for summary judgment and reverse and remand to the circuit court to hold a hearing on his motion for preliminary injunction.

*Facts and Procedural Background*

Muntaqim asserts that he is a member of the Nation of Islam ("NOI"), an alternative branch of Islam, and that the literature developed by the ministers of NOI is essential to the practice of his faith. The NOI publishes a weekly periodical entitled *The Final Call*, which, he alleges, is the primary means through which NOI members receive religious instruction and propagate their religion.

On April 20, 2015, Muntaqim filed a complaint against twenty-two employees of the ADC alleging violations of his civil rights. Muntaqim attached thirteen Department of Correction-level grievances from the Ouachita, Cummins, and Varner Units to support his claims. In the various grievances, Muntaqim alleges violations of his rights from the denial of *The Final Call*, due-process violations for ADC's failure to follow its policies regarding

SLIP OPINION

publication reviews, retaliations based on the grievances that he filed, and violations of his rights for not being allowed to lead NOI religious services.

On July 10, 2015, Muntaqim filed a pro se motion for a preliminary injunction, summary judgment, and default judgment, specifically seeking to enjoin the defendants from violating his rights. On August 10, 2015, the Jefferson County Circuit Court denied Muntaqim's motion without holding a hearing on the merits. The court stated that granting the injunction would alter the status quo between the parties and that Muntaqim had not demonstrated that he could succeed on the merits. Muntaqim filed a motion to amend the judgment, which was denied. He then appealed the circuit court's order.

### Denial of Summary Judgment

Appellant argues that the circuit court erred when it denied his motion for summary judgment. Our rules of appellate procedure require that an order be final to be appealable. Ark. R. App. P. −Civ. 2 (2016); *Denney v. Denney*, 2015 Ark. 257, at 4, 464 S.W.3d 920, 922. A denial of a motion for summary judgment is not a final, appealable order and does not fit into one of the exceptions under our rules. *Denney*, 2015 Ark. 257, at 4, 464 S.W.3d at 922. We therefore cannot address the circuit court's denial of this motion on appeal.

### Denial of the Preliminary Injunction

The appellant argues that the circuit court erred in denying his motion for a preliminary injunction because he claims to have proven that he can succeed on the merits. We will not reverse a circuit court's denial of a preliminary injunction unless it is an abuse of discretion. *AJ & K Operating Co. v. Smith*, 355 Ark. 510, 517, 140 S.W.3d 475, 480 (2004). An abuse of discretion means a decision exercised thoughtlessly and without due

consideration. *Jones v. Double "D" Props., Inc.*, 352 Ark. 39, 48, 98 S.W.3d 405, 410 (2003). Our case law indicates that an injunction is an extraordinary right reserved for extraordinary circumstances. *Drummond Citizens Ins. Co. v. Sergeant*, 266 Ark. 611, 621, 588 S.W.2d 419, 424 (1979). In determining whether to issue a preliminary injunction the trial court must consider two things: (1) whether irreparable harm will result in the absence of an injunction, and (2) whether the moving party has demonstrated a likelihood of success on the merits. *AJ & K Operating Co.*, 355 Ark. at 517, 140 S.W.3d at 480. The moving party bears the burden to prove a "reasonable probability of success" on the merits. *Custom Microsystems, Inc. v. Blake*, 344 Ark. 536, 542, 42 S.W.3d 453, 457 (2001). Lastly, "when considering an order which grants or denies an injunction, this court will not delve into the merits of the case further than is necessary to determine whether the trial court exceeded its discretion." *Doe v. Ark. Dep't of Human Servs.*, 357 Ark. 413, 417, 182 S.W.3d 107, 109 (2004).

When the Arkansas Rules of Civil Procedure are "substantially identical" to the corresponding Federal Rules of Civil Procedure, we may consider federal interpretations. *Grand River Enters. Six Nations, Ltd. v. Beebe*, 372 Ark. 384, 386, 277 S.W.3d 171, 173 (2008); *see also City of Fort Smith v. Carter*, 364 Ark. 100, 107, 216 S.W.3d 594, 598 (2005); *Smith v. Washington*, 340 Ark. 460, 464, 10 S.W.3d 877, 880 (2000). Arkansas Rule of Civil Procedure 65 is "substantially identical" to the federal rules, as amended in 2009, and we therefore find federal interpretation of that rule to be instructive. Ark. R. Civ. P. 65 addition to reporter's notes to 2011 Amendment.

A federal court's decision to grant or deny a preliminary injunction will be reviewed for an abuse of discretion. *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d

1535, 1537 (11th Cir. 1989). Both this court and federal courts have stated that a hearing regarding a preliminary injunction is not required in all circumstances. *Fort Smith Symphony Orchestra, Inc. v. Fort Smith Symphony Ass'n, Inc.*, 285 Ark. 284, 287, 686 S.W.2d 418, 420 (1985) (noting that a temporary injunction may issue without any hearing where there are affidavits or a verified complaint alleging irreparable harm without relief); *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1538 (11th Cir. 1989) (noting that an evidentiary hearing is not always required before the court may issue a preliminary injunction). However, when the outcome of a preliminary injunction turns on disputed facts, the court should hold a hearing before resolving the motion. *Forts v. Ward*, 566 F.2d 849, 852 (2d Cir. 1977); *see also Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 324 (3d Cir. 2015*)*; *Commerce Park at DFW Freeport v. Mardian Constr. Co.*, 729 F.2d 334, 341 (5th Cir. 1984); *All Care Nursing Serv., Inc.,* 887 F.2d, at 1538.

The appellant in this case has raised allegations which, if proven correct, could constitute substantial violations of religious liberty rights under the First Amendment and RLUIPA. Specifically, the appellant has made claims that he was denied certain religious texts that are required for him to practice his faith and that the ADC's policy prohibits him from conducting NOI religious services in conformity with his faith. The Supreme Court has clearly stated that the denial of First Amendment rights, even for minimal amounts of time, constitutes irreparable harm. *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Both allegations could, after a determination of the facts, potentially rise to the level of infringements of the appellant's religious liberties. The circuit court denied appellant's motion based on the documents before it and did not hold a hearing on the merits. Based on the record before

us, we are convinced that it was an abuse of the court's discretion to not hold a hearing on the appellant's motion.

However, our holding today is limited to the circumstances presented in this case, and we do not hold that a hearing must be held on every preliminary injunction. We are satisfied that an abuse of discretion occurred when the allegations could constitute irreparable harm to the appellant's religious liberties and the allegations arise from disputed facts which could change the outcome of the injunction. The complexity and the rights in question warrant a hearing below. We therefore reverse and remand for the circuit court to hold a hearing on appellant's motion for preliminary injunction.

Dismissed in part; reversed and remanded in part.

*Malik Muntaqim*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by:  *Charles Lyford*, Ass't Att'y Gen., for appellees.