LARRY D. VAUGHT, Judge
Appellant White River Health System, Inc., d/b/a White River Medical Center (WRMC), appeals from the order entered by the Circuit Court of Independence County on September 13, 2017, denying its motion for summary judgment based on the affirmative defense of charitable immunity.
*390 On appeal, WRMC argues that it presented prima facie evidence demonstrating its entitlement to summary judgment as a charitable entity immune from liability and suit in tort and that appellee, Madeline Long, as special administratrix of the estate of Danielle Toth, deceased (Estate), failed to meet proof with proof to show a genuine issue of material fact. Because WRMC has not appealed from a final order, we lack jurisdiction and must dismiss without prejudice.
On January 20, 2012, Randall Johnson, as special administrator of the estate of Danielle Toth, deceased, filed this action against multiple defendants, including WRMC, asserting claims for wrongful death and medical negligence.[1] WRMC answered the complaint, denied the allegations of negligence, and pled that it was a charitable, nonprofit organization entitled to immunity from liability and suit.
In June 2012, WRMC filed a motion for summary judgment based on the charitable-immunity doctrine. To the motion, WRMC attached a copy of its articles of incorporation as a nonprofit corporation and an affidavit by Gary L. Bebow, the chief executive officer of WRMC. In July 2012, in further support of its motion for summary judgment, WRMC filed its 2009 federal-income-tax records as an organization exempt from income tax. In December 2012, the circuit court held an unrecorded hearing on WRMC's motion for summary judgment; however, no written order was entered disposing of the matter.
On August 18, 2017, the Estate filed a motion for sanctions against WRMC. The motion alleged that WRMC had committed discovery violations from 2012 to 2017 by repeatedly failing and refusing to provide the Estate with a complete set of Toth's medical records and by providing inaccurate information regarding its liability coverage. The Estate requested that it be granted both a default judgment against WRMC and a jury trial on the issue of damages.
On September 8, 2017, a hearing on both WRMC's motion for summary judgment and on the Estate's motion for sanctions was held. At the conclusion of the hearing, the circuit court orally denied WRMC's motion for summary judgment and granted the Estate's motion for sanctions. On September 13, 2017, the circuit court entered an order denying WRMC's motion for summary judgment. The court found
that there are disputed facts as to whether the organization's goal is to break even; whether the organization depends upon contributions and donations for its existence; whether the organization provides its services free of charge to those unable to pay; and whether its directors receive and officers receive any compensation.
Importantly, the court's order bifurcated trial: a trial on the charitable-immunity issue was to be immediately followed by a trial on the medical-malpractice claims.[2] This appeal followed.
On appeal, WRMC argues that the circuit court erred in denying summary judgment because it presented prima facie evidence to demonstrate its entitlement to charitable immunity from liability and suit as a matter of law and that the Estate failed to meet proof with proof to show a *391 genuine issue of material fact on the issue. We are unable to reach the merits of this argument because WRMC has not appealed from a final order.
Our rules of appellate procedure require that an order be final to be appealable. Muntaqim v. Hobbs , 2017 Ark. 97, at 2, 514 S.W.3d 464, 466 (citing Ark. R. App. P.-Civ. 2 (2016); Denney v. Denney , 2015 Ark. 257, at 4, 464 S.W.3d 920, 922 ). Generally, the denial of a motion for summary judgment is neither reviewable nor appealable. Ark. Elder Outreach of Little Rock, Inc. v. Thompson , 2012 Ark. App. 681, at 4, 425 S.W.3d 779, 783. However, our court has routinely reviewed and decided orders in cases where the circuit court refused to grant a summary-judgment motion based on the defense of charitable immunity. Id. at 4, 425 S.W.3d at 783 ; Gain, Inc. v. Martin , 2016 Ark. App. 157, at 2, 485 S.W.3d 729, 731-32 ; Progressive Eldercare Servs.-Saline, Inc. v. Cauffiel , 2016 Ark. App. 523, at 2, 508 S.W.3d 59, 61-62 ; Progressive Eldercare Servs.-Bryant, Inc. v. Price , 2016 Ark. App. 528, 2016 WL 6496651 ; Progressive Eldercare Servs.-Saline, Inc. v. Garrett , 2016 Ark. App. 518, 2016 WL 6495865.
In these cases, appellate jurisdiction was based on Arkansas Rule of Appellate Procedure-Civil 2(a)(2), which provides that an appeal may be taken from "an order which in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action." Ark. R. App. P.-Civ. 2(a)(2) (2017). Based on Rule 2(a)(2), our court has held that it had jurisdiction in cases where the refusal to grant a summary-judgment motion had the effect of determining that the appellant was not entitled to its defense of charitable immunity from suit, as the right of immunity from suit is effectively lost if a case is permitted to go to trial. Thompson , 2012 Ark. App. 681, at 4, 425 S.W.3d at 783 ; Gain, Inc. , 2016 Ark. App. 157, at 2, 485 S.W.3d at 731-32 ; Cauffiel , 2016 Ark. App. 523, at 2, 508 S.W.3d at 61-62 ; Price , 2016 Ark. App. 528 ; Garrett , 2016 Ark. App. 518.[3]
In Thompson , Gain , Cauffiel , Price , and Garrett , the orders denying summary judgment on charitable immunity did not bifurcate trial on the issues of charitable immunity and liability; therefore, it appeared on the record in those cases that the charitable-immunity issue and the merits of the action were to be tried together, in which case the appellants/defendants would have "effectively lost" their rights to immunity from suit if their cases were permitted to go to trial. Therefore, our *392 court had jurisdiction in those cases. Ark. R. App. P.-Civ. 2(a)(2).
There is a significant distinction in the case at bar. Here, the circuit court's order denying summary judgment found that there were questions of fact regarding the charitable-immunity issue and it bifurcated trial. The court's order provided: "The issue of charitable immunity will proceed to trial. The Court orders that the charitable immunity issue be bifurcated, with a separate trial on that issue to proceed immediately preceding the commencement of the trial on the malpractice action."
Based on this bifurcation language, it is clear that the charitable-immunity issue and the malpractice claims will not be tried together. It is also clear that-on the charitable-immunity issue-the circuit court's order has not determined the action or prevented a judgment from which an appeal might be taken. In other words, WRMC's right of immunity from suit has not been "effectively lost"-because a jury must first resolve disputed questions of fact regarding the factors that the circuit court must consider when determining whether WRMC is entitled to charitable immunity.[4] Therefore, we do not have an "order which in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action" as required in Rule 2(a)(2). Ark. R. App. P.-Civ. 2(a)(2). Accordingly, the general rule applies, and WRMC's appeal from the denial of a motion for summary judgment is neither reviewable nor appealable. We do not have jurisdiction under Rule 2(a)(2), and we must dismiss WRMC's appeal without prejudice.
Dismissed without prejudice.
Gruber, C.J., and Abramson and Virden, JJ., agree.
Harrison and Whiteaker, JJ., dissent.

In July 2015, the appellee Madeline Long was substituted as the special administratrix of the estate.

In this order, the circuit court also granted the Estate's motion for sanctions, ordering WRMC to pay the Estate's costs and attorney's fees associated with the taking of the depositions of Toth's treating physicians and of all expert witnesses through September 8, 2017.

In Robinson v. Beaumont , the interplay between qualified immunity and Rule 2(a)(2) was discussed:
The principle defense was that the appellants were entitled to a "good faith" or qualified immunity from suit. There would be no further proceedings if the appellants were entitled to the claimed immunity. The refusal to grant the motion amounted to a denial of appellants' claimed defense which would have, if allowed, discontinued the action. The qualified immunity claim is a claim of right which is separable from, and collateral to, rights asserted in the complaint. Cohen v. Beneficial Industrial Loan Corp. , 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). The refusal to grant this summary judgment motion had the effect of determining that the appellants were not entitled to immunity from suit. The right of qualified immunity from suit is effectively lost if a case is permitted to go to trial. Mitchell v. Forsyth , 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).
291 Ark. 477, 482-83, 725 S.W.2d 839, 842 (1987). In Low v. Insurance Co. of North America , 364 Ark. 427, 440, 220 S.W.3d 670, 680 (2005), our supreme court held that a charitable entity is immune from suit as well as liability. See also Seth v. St. Edward Mercy Med. Ctr. , 375 Ark. 413, 418, 291 S.W.3d 179, 183 (2009).

Whether an entity is entitled to charitable immunity is a question of law for the circuit court. Carnell v. Ark. Elder Outreach of Little Rock, Inc. , 2012 Ark. App. 698, at 7, 425 S.W.3d 787, 792 (holding that the issue of whether a party is immune from suit is purely a question of law).