Brandon J. Harrison, Judge, dissenting.
I respectfully disagree with the majority's decision to dismiss this appeal. This court has, despite good intentions, mistakenly elevated a discretionary circuit court point of procedure (bifurcation) to one of appellate-jurisdictional importance. The consequence of this decision is that the circuit courts and parties who deal with charitable-immunity issues face a new appellate-jurisdiction rule that has the potential to be unevenly applied across the state.
Long asked this court to dismiss this appeal in her appellee's brief. The majority has done so. But a dismissal is not warranted. The circuit court-perhaps as a matter of convenience and efficiency-bifurcated the immunity question from the merits questions in the same order. In the majority's view, that the circuit court bifurcated the trial process in the same order as the summary-judgment denial means that we lack a final decision on charitable immunity.
But for years this court has been allowing appeals from the denial of motions for summary judgment that sought charitable immunity. In four recent cases we asked whether jurisdiction existed over the denial of a motion for summary judgment seeking charitable immunity, found it, and decided the merits of the appeals:
• Progressive Eldercare Services-Saline, Inc. v. Cauffiel , 2016 Ark. App. 523, 508 S.W.3d 59 (reviewed and decided an appeal that involved a circuit court's decision to deny a defendant *393 summary judgment based on charitable immunity because one or more factual issues were disputed)
• Gain, Inc. v. Martin , 2016 Ark. App. 157, 485 S.W.3d 729 (allowed an appeal after expressly addressing the appealability of an order that denied summary judgment in the charitable-immunity context)
• Arkansas Elder Outreach of Little Rock, Inc. v. Nicholson , 2013 Ark. App. 758, 2013 WL 6706095 (denial of summary judgment was reviewed on appeal and a distinction was made between the usual denial of a summary judgment and one that comes in the charitable-immunity area)
• Arkansas Elder Outreach of Little Rock, Inc. v. Thompson , 2012 Ark. App. 681, 425 S.W.3d 779 (allowed an appeal after expressly addressing the appealability of an order that denied summary judgment in the charitable-immunity context)
An appeal is of course allowed when a circuit court grants a motion for summary judgment based on charitable immunity. Neal v. Davis Nursing Ass'n , 2015 Ark. App. 478, 470 S.W.3d 281 (allowing appeal from grant of summary judgment on charitable immunity). See also Carnell v. Ark. Elder Outreach of Little Rock, Inc. , 2012 Ark. App. 698, 425 S.W.3d 787 ; Watkins v. Ark. Elder Outreach of Little Rock, Inc. , 2012 Ark. App. 301, 420 S.W.3d 477. The important point is that whether a request for charitable immunity was denied or granted at the summary-judgment stage, the losing party has been allowed to appeal.
The decision to separate the charitable-immunity issue from the merits issue is currently a discretionary one for the circuit courts. See Ark. R. Civ. P. 42(b) (2017); Ciba-Geigy Corp. v. Alter , 309 Ark. 426, 834 S.W.2d 136 (1992). That circuit courts may currently consider bifurcation on a case-by-case basis is a main reason why elevating a circuit court's decision to bifurcate to appellate-jurisdictional heights is a problem. My understanding of the majority's decision is that denials of a summary judgment can still be immediately appealed-if bifurcation isn't simultaneously ordered with the summary-judgment denial. This is so because the majority doesn't overrule the prior cases in which this court has allowed appeals from the denials of motions for summary judgment based on the charitable-immunity defense. Instead, it has unpersuasively tried to distinguish them from this one. It would be more appropriate for the majority to have pronounced: "From today forward, every motion for summary judgment seeking charitable immunity that is denied because material facts are disputed can no longer be immediately appealed; and to the extent Cauffiel , Martin , Nicholson , and Thompson have expressly held or suggested otherwise, they are hereby overruled on this jurisdictional point." This rule would not turn on whether, or when, a circuit court decides to bifurcate.
Now there are at least two tracks to this court: orders denying summary judgments that are also silent on bifurcation can be immediately appealed; but orders that deny summary judgment and bifurcate immunity questions from the merits can't be appealed-although the same reason for the denial of the Rule 56 motion (disputed material facts exist) is present in both cases. Stated simply, when a party can appeal an immunity decision has become less, not more, certain.
Because the circuit court's decision to bifurcate the trial process lacks jurisdictional significance for this court's purposes, we should review White River's appeal now and decide whether the court *394 erred when it denied the motion for summary judgment.
Whiteaker, J., joins.