WOODS v. KIRBY.

5-3284                                            382 S. W. 2d 4

Opinion delivered September 21, 1964.

*E. L. Holloway* and *Kirsch, Cathey & Brown,* for appellant.

*W. B. Howard, Jack Segars* and *John C. Watkins,* for appellee.

GEORGE ROSE SMITH, J. This is an action in unlawful detainer brought by the appellant Woods to recover possession of a farm which he as landlord rented to the defendant Kirby for the 1963 crop year. Upon filing his complaint the plaintiff, having made the necessary statutory bond, had the sheriff serve a writ of possession upon Kirby. Ark. Stat. Ann. §§ 34-1506 to -1510 (Repl. 1962). Kirby was unable to make a retaining bond and therefore surrendered possession on the last day before it would have been the sheriff's.duty to evict him.

The case was tried before a jury, whose verdict found Kirby's eviction to have been wrongful and fixed his damages at $1,700. In appealing from the ensuing judgment Woods contends primarily that he was entitled to a directed verdict and secondarily that the amount of the verdict is unsupported by the evidence.

Upon the main issue there was a question of fact for the jury. In the latter half of 1962 Woods sold Kirby certain farming equipment, with Kirby giving a note for the purchase price. At the same time the parties orally agreed to the lease of the farm, with the understanding that in the following March Kirby would execute a renewal note and a security agreement to provide Woods with a lien upon the crop and the equipment for whatever Kirby's indebtedness upon the equipment and as a tenant proved to be.

In 1962 Kirby had lived on the farm as a day laborer, and he continued in possession. Woods and his witnesses gave testimony indicating that Kirby breached his contract by wrongfully refusing to execute the new note and security agreement. Kirby testified that it was Woods who was at fault, in that he demanded a lien upon a mechanical cotton picker which Kirby had acquired in a separate transaction and which was not to have been included (according to Kirby) in the consolidated loan. This conflicting evidence raised an issue of fact.

Counsel for Woods also argue that he was entitled to a peremptory instruction because Kirby waived his claim for damages by voluntarily surrendering possession of the land instead of waiting to be forcibly put off by the sheriff. This argument is without merit. One who is compelled to yield up the premises under the threat of legal process already issued may be said not to act voluntarily. *Mack* v. *Patchin*, 42 N. Y. 167; *Corman* v. *Sanderson*, 72 Wash. 627, 131 P. 198. Here Woods, the landlord, was not prejudiced by his tenant's obedience to the command contained in the writ of possession that Woods had wrongfully obtained. To the contrary, Kirby's submission saved whatever taxable costs a forcible ouster might have involved.

Woods is right, however, in insisting that the verdict for $1,700 is excessive. This award could be upheld only by permitting Kirby to recover attorney's fees incurred by him in defending the present action. He was allowed to testify that he had agreed to pay one attorney half of any damages that he might be awarded and to pay a second attorney $300. The court instructed the jury that a tenant's measure of damages for wrongful eviction includes reasonable attorney's fees. The court was in error, for ordinarily counsel fees are not recoverable except when allowed by statute. *Romer* v. *Leyner*, 224 Ark. 884, 277 S. W. 2d 66. There is neither statutory nor common law authority for such an allowance in an unlawful detainer action.

We cannot correct the matter by an affirmance on condition of remittitur, for we are at a complete loss to say what damages the jury would have allowed if the attorney's fees had not been considered. Kirby and his witness Ermert were decidedly indefinite in fixing the value of Kirby's work in preparing part of the farm for cultivation. Ermert said that the cost of breaking the land was approximately "two or three dollars, I guess," and that Kirby's labor in cutting stalks was worth "About the same as breaking, I guess . . . Possibly a little cheaper. I don't know." The maximum award that the competent testimony would have supported is something less than a thousand dollars, but we cannot with confidence arrive at any maximum figure that the jury would surely have allowed. In the circumstances a new trial must be granted.

Other possible errors are argued, but they are not at all apt to arise upon a second trial. With respect to the appellant's requested Instruction No. 5 it is enough to say that we cannot approve the language that was offered, for it might have precluded the tenant from recovering his expenditure for labor and materials that were actually beneficial to the landlord.

Reversed.