Rodney BURRELL *v.* ARKANSAS DEPARTMENT OF
HUMAN SERVICES

CA 92-584                                      850 S.W.2d 8

Court of Appeals of Arkansas
Division I
Opinion delivered March 17, 1993

*Simes & Simes*, by: *L.T. Simes*, for appellant.

*Candice B. Dickson*, for appellee.

JUDITH ROGERS, Judge. This is an appeal from an order of
paternity finding appellant to be the father of Mildred McClure's
child. On appeal, appellant contends that service of process was
invalid and that the order for paternity testing and the blood test
results should be set aside as violating his right to counsel. We
affirm.

The record reveals that Mildred McClure alleged that
appellant was the father of her child. At the initial hearing
appellant moved for an order requiring that the parties partici-
pate in paternity testing. This motion was granted. The test

revealed a 99.85% probability that appellant was the father. A later hearing was held and appellant was found to be the father of appellee's child and was ordered to pay child support.

Appellant's first argument on appeal challenges the service of process. Appellant contends that service was improper because it was not served by a deputy sheriff and it was not delivered to his home or usual place of abode.

■ Rule 4 (c)(1) and (d)(1) of the Arkansas Rules of Civil Procedure states:

> (c) Service of summons shall be made by (1) a sheriff of the county where the service is to be made, or his or her deputy;
>
> (d)(1) Upon an individual, other than an infant by delivering a copy of the summons and complaint to him personally, or if he refuses to receive it, by offering a copy thereof to him, or by leaving a copy thereof at his dwelling house or usual place of abode with some person residing therein who is at least 14 years of age, or by delivering a copy thereof to an agent authorized by appointment or by law to receive service of summons.

Appellant testified that he resides at P.O. Box 192, Cotton Plant, Arkansas, and contends that the summons was given to his brother in downtown Cotton Plant and not at his residence as required under Rule 4. Appellant, however, did not raise this argument until the middle of the second hearing. Any defects in the process, the return thereon or the service thereof are cured or waived by the appearance of the defendant without raising an objection, and he is precluded from thereafter taking advantage of the defect. *Pender* v. *McKee*, 266 Ark. 18, 582 S.W.2d 929 (1979). Without citation to authority, appellant also argues that, at the initial hearing when he was ordered to submit to a paternity test, he was not represented by counsel. He contends that this was a violation of his constitutional right to counsel.

■■ We note that in criminal cases an accused has a constitutional right to counsel, but there is no corresponding right to counsel in post-conviction proceedings or most civil actions. *Howard* v. *Lockhart*, 300 Ark. 144, 777 S.W.2d 223 (1989). In the case of *Honor* v. *Yamuchi*, 307 Ark. 324, 820 S.W.2d 267

(1991), the supreme court found a right to an attorney in a civil proceeding where physical liberty was in jeopardy. In that case, the appellant was involuntarily committed to a mental institution. Such a commitment involves a substantial curtailment of liberty and thus requires due process protection. *Id.* In the case before us, the appellant's physical liberty was not in jeopardy. Thus, appellant was not guaranteed the right to counsel in this paternity proceeding.

Affirmed.

MAYFIELD and ROBBINS, JJ., agree.