Steven Thomas TRELFA,
and Patricia Lynn Trelfa, and State Street Bank and Trust *v.*
SIMMONS FIRST BANK of JONESBORO, et al.

CA 06-762                                                254 S.W.3d 775

Court of Appeals of Arkansas
Opinion delivered April 4, 2007

Lax, Vaughan, Fortson, McKenzie & Rowe, P.A., by: Roger D. Rowe; Alan Vincent Seagrave, III; and Arkansas Municipal League, by: Erika Gee, for appellant Steven Thomas Trelfa.

Wilson & Associates, PLLC, by: Howard Keith Morrison; Mixon Parker & Hurst, PLC, by: Harry S. Hurst, Jr., for appellant State Street Bank and Trust Company.

Barrett & Deacon, A Professional Association, by: Robert Joseph Gibson, for appellee.

Larry D. Vaught, Judge. This appeal challenges the circuit court's rulings that defects in process served on appellants Patricia and Steven Trelfa had been waived and that a decree of foreclosure and subsequent sale of the property eliminated the priority of appellant State Street Bank and Trust Company. Both the Trelfas and State Street raise the issues of whether the process served on the

Trelfas was defective and whether the Trelfas waived those defects. State Street also argues that it retained its priority status. We affirm.

The facts are largely undisputed. The Trelfas borrowed $497,830 from State Street's predecessor, secured by a first mortgage on their residence, known as the "Doral Property." The Doral Property was also pledged, along with other property, to Simmons First Bank of Jonesboro as collateral for another loan. Simmons held a second lien on the Doral Property.

The Trelfas defaulted on their obligations in 2002 and filed for Chapter 7 bankruptcy relief. All of the property was abandoned from the bankruptcy estate, and Simmons began a judicial foreclosure action.

Simmons filed its foreclosure complaint on December 27, 2002. The complaint also sought the appointment of a receiver to collect the rents from the commercial property on which Simmons held a first mortgage. Summonses directed to the Trelfas were issued but not served. On January 10, 2003, Simmons filed an amended complaint in which it added State Street as a defendant and asserted that State Street's interest was inferior. Summonses were not issued after the amended complaint was filed.

The Trelfas were served with the amended complaint by private process server on January 20, 2003. The process server delivered the original summonses issued and dated December 27, 2002, prior to the date of filing of the amended complaint. These summonses had been altered using "white-out" to reference an "Amended and Substituted Complaint in Foreclosure; Amended Notice & Lis Pendens." The summonses failed to identify State Street as a party to the amended complaint.

State Street was served and subsequently answered on April 21, 2003. In its answer, State Street asserted that its mortgage was senior. State Street also requested that, if the property was ordered sold, "it should be expressly advertised and sold subject to State Street's first mortgage. . . ."

The Trelfas never filed an answer or other pleading. However, they agreed, through counsel, to the appointment of a receiver. This agreed order was entered on February 3, 2003, and an amended order was entered on February 18, 2003.

A decree of foreclosure was entered on May 5, 2003. In the decree, the Trelfas were found to be in default. State Street's first lien and the principal amount of its debt of $460,521.57 were

acknowledged, but no judgment was entered in favor of State Street. The decree stated that the proceeds from the sale of the Doral Property "shall be first paid to [State Street], next to [Simmons]. . . ."

The Doral Property was sold at foreclosure sale to appellee Ashley Green for $150,000. The trial court entered orders approving and confirming the sale and approving the commissioner's deed to Green. Green subsequently conveyed the property to appellees Verla and Marion Gedes.

Following the sale, State Street filed a motion seeking distribution of the proceeds of the sale to State Street's counsel. The trial court granted the motion and ordered that the proceeds be disbursed to State Street's attorney. A partial satisfaction of judgment was filed by State Street's attorney.

In December 2003, State Street filed a motion requesting an interpretation of the effect of the decree or, alternatively, relief under Ark. R. Civ. P. 60. The motion asserted that the prior foreclosure decree could not, as a matter of law, divest State Street of its first lien. In the alternative, the motion sought unspecified relief under Rule 60. The trial court denied the relief requested by State Street on equitable grounds, finding that it would be inequitable for State Street to conduct the sale and then, later, attempt to set aside its own sale.

On February 23, 2005, the Trelfas filed a motion to set aside the decree, asserting that it was void. Attached to the motion was a proposed answer to Simmons's foreclosure complaint. The trial court ruled that the initial service of process on the Trelfas would not have been effective but that they had waived the issue by not raising it in their first responsive pleading. At another hearing held on July 1, 2005, the trial court clarified its ruling, stating that it was the process itself that was defective, not the service of that process. The court noted that the summons was dated prior to the filing of the amended complaint to be served with that summons. The trial court also ruled that the Trelfas entered their appearance when they signed the agreed order for the appointment of a receiver on February 3, 2003.

A written order reflecting the trial court's rulings on the motions was entered on January 3, 2006. After the motions were denied, the trial court reserved four issues for trial. Those issues were resolved by a final order entered on January 26, 2006. State

Street filed its notice of appeal on February 24, 2006. The Trelfas filed their notice on February 27, 2006.[1]

State Street raises two points on appeal — that the foreclosure decree is void because the process was void and the Trelfas did not waive that defect, and that its lien still has first priority. The Trelfas' two arguments are both contained in State Street's first point.

State Street and the Trelfas argue that there was a complete lack of a valid summons in connection with the service of the amended complaint on the Trelfas. They point to the fact that the summons was dated December 27, 2002, prior to the filing of the amended complaint on January 10, 2003. They also point to the fact that the "Additional Notices" section appears to have been altered, and the term "Amended and Substituted Complaint in foreclosure; Amended Notice & Lis Pendens" typed in. State Street and the Trelfas also argue that the summonses are defective because they did not list State Street as a defendant. We need not reach the issue of whether the summonses were defective because of our conclusion, explained below, that any defects in the process were cured or waived by the appearance of the Trelfas in the action without raising an objection to the process or its service prior to the entry of the foreclosure decree.

Due process can be satisfied if the defendant waives service of the summons. *Southeast Foods, Inc. v. Keener*, 335 Ark. 209, 979 S.W.2d 885 (1998); *Meeks v. Stevens*, 301 Ark. 464, 785 S.W.2d 18 (1990). Our courts have long recognized that any action on the part of a defendant, except to object to the jurisdiction, which recognizes the case as in court, will amount to an appearance. *Norsworthy v. Norsworthy*, 289 Ark. 479, 713 S.W.2d 451 (1986); *Cummings v. Lord's Art Galleries*, 227 Ark. 972, 302 S.W.2d 792 (1957); *Robinson v. Bossinger*, 195 Ark. 445, 112 S.W.2d 637 (1938); *Spratley v. La. & Ark. Ry. Co.*, 77 Ark. 412, 95 S.W. 776 (1906); *see also Federal Land Bank of St. Louis v. Gladish*, 176 Ark. 267, 272, 2 S.W.2d 696, 697 (1928), where our supreme court said: "A court acquires jurisdiction . . . when the defendant voluntarily appears in any case and, without objection, proceeds,

---

[1] The thirtieth day in which to file a notice of appeal fell on Saturday, February 25, 2006. Under Ark. R. Civ. P. 6(a), the period in which to file the notice is extended to the next day the clerk's office is open. Therefore, the notice was timely.

the court thereby acquires jurisdiction over his person whether any summons was issued or served or not."

■ Here, the Trelfas recognized the case as being in court and entered their appearance by agreeing to the entry of an order appointing a receiver. *See Morehouse v. Lawson*, 90 Ark. App. 379, 206 S.W.3d 295 (2005) (holding that signing settlement agreement and the divorce decree amounted to entry of appearance). Such an agreed order is, in effect, a stipulation and recognizes the case as being in court because it is a step in the process of resolving the case and one of the remedies sought by Simmons.[2]

■ State Street and the Trelfas next argue that the requirement of Ark. R. Civ. P. 4(i) that service of process be had within 120 days of the filing of the complaint was not met and cannot be waived after the 120-day period. However, the entry of the order appointing the receiver occurred well within the 120-day period provided for service. Therefore, Rule 4(i) has been satisfied.

Any defects in the process, the return thereon, or the service thereof are cured or waived by the appearance of the defendant without raising an objection, and he is precluded from thereafter taking advantage of the defect. *Pender v. McKee*, 266 Ark. 18, 582 S.W.2d 929 (1979); *Burrell v. Ark. Dep't of Human Servs.*, 41 Ark. App. 140, 850 S.W.2d 8 (1993). Arkansas Rule of Civil Procedure 12(h) and *Pender* both recognize that the insufficiency of the process or in the service of process may be waived, and we think there is ample evidence to support the trial court's action in denying the belated motions to set aside the foreclosure decree.[3]

In State Street's second point, it argues that the foreclosure decree could not, as a matter of law, extinguish its prior mortgage. While State Street is correct that a junior mortgagee has no authority to foreclose a prior mortgage by the mere process of making the prior mortgagee a party defendant, *Carnes v. DeWitt Bank & Trust Co.*, 201 Ark. 1037, 147 S.W.2d 1002 (1941), we believe that State Street's actions in this case show that it consented to the extinguishment of its lien.

---

[2] We note that the Trelfas are inconsistent in their arguments. For example, they argued below that they were not in default because they had made an appearance in the action but were not given three days' notice of the hearing for a default judgment.

[3] The Trelfas, in both their reply brief and at oral argument, made several arguments based on Ark. R. Civ. P. 55. However, such arguments were not preserved because they were first made in the reply brief. *See Coleman v. Regions Bank*, 364 Ark. 59, 216 S.W.3d 569 (2005).

State Street's attorney prepared all of the documents for the notice and sale of the property, together with the deed and the orders confirming the sale and approving the commissioner's deed. The foreclosure decree provides that State Street has a valid first lien, is awarded attorney's fees of $1394, and was entitled to the proceeds of the sale. The decree further contains language that the sale "will constitute a permanent bar to all rights of redemption, dower, curtesy, homestead and all other rights, title, claims and interests *of the defendants*, and each of them." (Emphasis added.) Similar language was found to be sufficient to show that the first mortgage holder had consented to the sale in *Carnes*. Likewise, the commissioner's deed contained language that the purchaser, Ashley Green, was being conveyed "all the right, title, interest or claim, either in law or equity, *of the Defendants*, and anyone claiming by, through, or under them, in and to said parcel of land[.]" (Emphasis added.) State Street also conducted the foreclosure sale. The proceeds of the sale were distributed to State Street on its motion. Likewise, the proceeds were also distributed to the first mortgage holder in *Carnes*. These actions, together with State Street's attempt to begin its own foreclosure proceeding shortly before the entry of the decree in this case, indicate that it was willing to have the whole title sold under the foreclosure and to have the liens paid out of the proceeds in the order of their priority. In these circumstances, it would be unfair to allow State Street to conduct the foreclosure sale, collect the proceeds from that sale, and still retain its lien and the ability to foreclose on the property.

Affirmed.

GLADWIN and BIRD, JJ., agree.