SLIP OPINION

Cite as 2015 Ark. App. 44

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-14-269

| | |
|---|---|
| | **Opinion Delivered** JANUARY 28, 2015 |
| AFFORDABLE BAIL BONDS, INC. APPELLANT | APPEAL FROM THE BAXTER COUNTY CIRCUIT COURT [NO. CR-13-82] |
| V. | HONORABLE JOHN R. PUTMAN, JUDGE |
| STATE OF ARKANSAS APPELLEE | AFFIRMED |

## KENNETH S. HIXSON, Judge

This appeal arises from an order of the Baxter County Circuit Court forfeiting a $75,000 bond posted by appellant Affordable Bail Bonds, Inc. On appeal, Affordable Bail Bonds argues that the forfeiture judgment should be reversed because Affordable Bail Bonds was not immediately served with the summons requiring it to appear and show cause why the judgment should not be rendered. We affirm.

Due to the nature of the issue herein, a chronological review of the events is helpful:

- On April 2, 2013, Affordable Bail Bonds posted a $75,000 bail bond for the release of Monique Blanc to assure her attendance on pending felony drug charges on April 25, 2013.
- On April 25, 2013, Ms. Blanc failed to appear at her hearing. As a result, on the same day the trial court entered an "Order for issuance of arrest warrant and summons/order for surety to appear." This order was file marked on April 29, 2013. That order directed the circuit clerk to notify Affordable Bail Bonds to appear on August 22, 2013, and show cause why the full amount of the bond should not be forfeited.
- On April 29, 2013, the circuit clerk issued a summons to the

SLIP OPINION

defendant/appellant Affordable Bail Bonds.

- On May 4, 2013, the sheriff served Affordable Bail Bonds with summons by delivering the summons and order to the owner's mother at her residence. This service was invalid.
- On June 3, 2013, the sheriff served Affordable Bail Bonds by delivering a copy of the summons and order to the registered agent, Angela Gardner. Affordable Bail Bonds was ordered to appear at a show-cause hearing set for August 22, 2013. This service was thirty-nine days after Ms. Blanc failed to appear.
- On August 22, 2013, Affordable Bail Bonds attended the show-cause hearing and the attorney for Affordable Bail Bonds requested an additional sixty days to produce Monique Blanc. The trial court denied the request for sixty days, but granted Affordable Bail Bonds additional time until October 3, 2013, to produce Ms. Blanc.

At the show-cause hearing held on October 3, 2013, Brett Vaughn, president of Affordable Bail Bonds, testified that they still could not produce Ms. Blanc but that they had been making progress toward locating her and thought they could apprehend her if given more time. At that hearing Affordable Bail Bonds also argued, for the first time, that the trial court lacked jurisdiction because the summons was not immediately served on its registered agent, and that effective service was not accomplished until thirty-nine days after Ms. Blanc's failure to appear. The State countered that, because Affordable Bail Bonds had appeared at the August 22, 2013, show-cause hearing and requested and was granted affirmative relief in the form of an extension of time, the issue of personal jurisdiction had been waived. The trial court rejected the surety's request for additional time and also denied its jurisdictional challenge. On October 8, 2013, the trial court entered a judgment ordering the $75,000 bond forfeited.

In this appeal from the bond forfeiture, Affordable Bail Bonds argues that the trial court lacked jurisdiction to forfeit the bond because Affordable Bail Bonds was not immediately

SLIP OPINION

served with the summons issued upon the criminal defendant's failure to appear. Arkansas

Code Annotated section 16-84-207 (Supp. 2013) prescribes the rules for actions on bail bonds

in circuit courts, and provides in pertinent part:

> (a) If a bail bond is granted by a judicial officer, it shall be conditioned on the defendant's appearing for trial, surrendering in execution of the judgment, or appearing at any other time when his or her presence in circuit court may be lawfully required under Rule 9.5 or Rule 9.6 of the Arkansas Rules of Criminal Procedure, or any other rule.
> (b)(1) If the defendant fails to appear at any time when the defendant's presence is required under subsection (a) of ths section, the circuit court shall enter this fact by written order or docket entry, thereof to be forfeited, and issue a warrant for the arrest of the defendant.
> (2) The circuit clerk shall:
>> (A) Notify the sheriff and each surety on the bail bond that the defendant should be surrendered to the sheriff as required by the terms of the bail bond; and
>> (B) Immediately issue a summons on each surety on the bail bond requiring the surety to personally appear on the date and time stated in the summons to show cause why judgment should not be rendered for the sum specified in the bail bond on account of the forfeiture.
>
> . . . .
>
> (e)(3) The summons shall be directed to and served on the surety in the manner provided in Rule 4 of the Arkansas Rules of Civil Procedure, and the surety's appearance pursuant to the summons shall be in person and not by filing an answer or other pleading.

Affordable Bail Bonds contends that there was a lack of compliance with subsection

(b)(2)(B). Although that subsection provides only that a summons be immediately issued,

Affordable Bail Bonds argues that the provision would be rendered meaningless if immediate

service of the summons is not also required. Appellant submits that time is of the essence

when dealing with fleeing fugitives, and that the intent of the statute is to allow the surety to

participate in the process of apprehending the fugitive as quickly as possible. Because proper

service of the summons was not had until thirty-nine days after Ms. Blanc failed to appear for her hearing, Affordable Bail Bonds argues that the bond forfeiture should be reversed for want of jurisdiction.

Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant. *First Ark. Bail Bonds, Inc. v. State*, 373 Ark. 463, 284 S.W.3d 525 (2008). But the defense of personal jurisdiction may be waived. *Howard v. Codling*, 2013 Ark. App. 641. In *Vibo Corporation, Inc. v. State ex rel. McDaniel*, 2011 Ark. 124, 380 S.W.3d 41, our supreme court held that unlike subject-matter jurisdiction, which can be raised at any time, including for the first time by the appellate court sua sponte on appeal, personal jurisdiction may be waived by the parties. Waiver is the voluntary relinquishment of a known right, and objections to the sufficiency of process may be waived. *Adams v. Nationsbank*, 74 Ark. App. 384, 49 S.W.3d 164 (2001).

We have held that any defects in process or the service thereof are cured or waived by the appearance of the defendant without raising an objection, and he is precluded from thereafter taking advantage of the defect. *Burrell v. Ark. Dep't of Human Servs.*, 41 Ark. App. 140, 850 S.W.2d 8 (1993). Our courts have long recognized that any action on the part of a defendant, except to object to jurisdiction, which recognizes the case in court, will amount to an appearance. *Trelfa v. Simmons First Bank of Jonesboro*, 98 Ark. App. 287, 254 S.W.3d 775 (2007). In deciding whether a defendant has waived his rights and entered an appearance, a determining factor is whether the defendant seeks affirmative relief. *See Farm Bureau Mut. Ins. Co. v. Campbell*, 315 Ark. 136, 865 S.W.2d 643 (1993).

Applying these principles, we hold that Affordable Bail Bonds has waived any objection to service of process or the alleged failure to adhere to the requirements of Arkansas Code Annotated section 16-84-207(b)(2)(B). This is so because appellant appeared before the trial court on August 22, 2013, raised no objection to the timeliness of service or the court's jurisdiction, but instead asked for the affirmative relief of additional time to locate the fugitive. The trial court granted Affordable Bail Bonds's motion for additional time, and Affordable Bail Bonds first raised its challenge to personal jurisdiction at the continued hearing held on October 3, 2013. This challenge had been waived by appellant's prior appearance without objection, and therefore it came too late.

In both appellant's brief and its reply brief it contends that jurisdiction, without qualification, can never be waived and may be raised at any time. It cites our opinion in *Avery v. State*, 93 Ark. App. 112, 217 S.W.3d 162 (2005), where we made the statement that "jurisdiction" cannot be waived. In *Avery*, although we did not specifically make the distinction between subject-matter jurisdiction and personal jurisdiction, the opinion cited our supreme court's holding in *State v. Dawson*, 343 Ark. 683, 38 S.W.3d 319 (2001), where the supreme court reiterated our longstanding rule that *subject-matter jurisdiction* may be raised at any time. (Emphasis added). Our supreme court has consistently made it clear that, conversely, personal jurisdiction may be waived. *See Vibo*, *supra*. Adhering to our supreme court's well-established precedent, we hold that the argument being raised by Affordable Bail Bonds in this appeal was waived below and may not now be considered.

Affirmed.

GLADWIN, C.J., and VIRDEN, J., agree.

*Matt Stone*, for appellant.
*Dustin McDaniel*, Att'y Gen., by: *Eileen Harrison*, Ass't Att'y Gen., for appellee.