Cite as 2019 Ark. App. 359

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CV-18-710

| | |
|---|---|
| T.S.B., A MINOR<br><br>APPELLANT<br><br>V.<br><br>ELIZABETH A. ROBINSON,<br>CHRISTOPHER COOK, TAMMY A.<br>ROBINSON (NOW WRIGHT), AND<br>B.R.C., A MINOR<br><br>APPELLEES | **Opinion Delivered:** September 4, 2019<br><br>APPEAL FROM THE GARLAND<br>COUNTY CIRCUIT COURT<br>[NO. 26JV-14-367]<br><br>HONORABLE WADE NARAMORE,<br>JUDGE<br><br>AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

The appellant, T.S.B., by and through her attorney ad litem (AAL), appeals an order issued by the Garland County Circuit Court in a family-in-need-of-services (FINS) case.[1] In this one-brief appeal from that FINS order, the AAL raises four procedural arguments on behalf of T.S.B.: (1) that T.S.B. was not properly served with the petition to change custody in the FINS case; (2) that her due-process rights were violated resulting in a denial of her

---

[1]This is the second time this case has been before us. In *T.S.B. v. Robinson*, 2019 Ark. App. 136, we provided a detailed procedural history of the FINS proceeding. We will not repeat that here because it is not germane to the issues on appeal. In the previous appeal, we remanded the case for supplementation of the record and ordered rebriefing. In our order on remand, we ordered the supplementation of the record with the June 21, 2018 FINS hearing on change of custody and ordered rebriefing to include not only an abstract of the aforementioned hearing but also supplementation of the addendum with documents necessary for our consideration of this appeal. After the record was supplemented, counsel filed a substituted brief. While the substituted brief included an abstract of witness testimony and the arguments of counsel related to the settlement agreement, counsel did not abstract the statements of counsel and the court at the outset of the hearing. Because we are able to address appellant's arguments from the record before us, we decline to again order rebriefing.

liberty interest in living with her grandmother and her property interest in her survivor's annuity; (3) that Arkansas Code Annotated section 9-27-312 (Repl. 2015) is ambiguous and should be interpreted to require service of the petition for change of custody in a FINS proceeding on a minor child under the age of ten; and (4) that her rights to equal protection were violated when her AAL was denied access to her juvenile records. These specific claims were either waived, not raised below, or are otherwise not preserved for our review.

As the first issue on appeal, the AAL argues that the FINS order changing custody of T.S.B. is void because the petition for change of custody was not served on either T.S.B. or her AAL resulting in a lack of proper and adequate notice. It is true that a judgment rendered without notice to the parties is void. *See Sides v. Kirchoff*, 316 Ark. 680, 874 S.W.2d 373 (1994). When there has been no proper service and therefore no personal jurisdiction over the defendant in a case, any judgment is void ab initio. *Id.* However, such defects may be waived. *Trelfa v. Simmons First Bank of Jonesboro*, 98 Ark. App. 287, 254 S.W.3d 775 (2007).

Here, in the initial FINS proceeding, T.S.B. was placed in the custody of her maternal grandmother, Elizabeth Robinson (Robinson). T.S.B.'s mother, the appellee Tammy Robinson–Wright (Wright), subsequently filed a petition in the FINS court seeking to change custody of T.S.B. back to her. However, the petition filed by Wright failed to contain a certificate of service. As a result, our review of the record reveals no real "proof" that any party was actually served with the petition. Despite this, the record shows that

Robinson responded to the petition, and the certificate of service attached to that response shows service on the AAL representing T.S.B. at the time.[2]

A FINS hearing was eventually held on Wright's petition. At the hearing, the current AAL appeared on behalf of T.S.B.,[3] participated in the questioning of witnesses, lodged an objection, presented stipulations as to T.S.B.'s desires pertaining to custody, advised the court of his recommendations regarding same, partook in the custody negotiations held midhearing, and ultimately entered into an agreed order regarding custody arrangements of T.S.B. Not once during the hearing did the AAL advise the court on the record that he was challenging the service of the petition on T.S.B. or that he was not prepared to proceed.

Our law is well settled that any defects in the process, the return thereon, or the service thereof are cured or waived by the appearance of the defendant without raising an objection, and the defendant is precluded from thereafter taking advantage of the defect. *Trelfa*, 98 Ark. App. at 292, 254 S.W.3d at 779 (citing *Pender v. McKee*, 266 Ark. 18, 582 S.W.2d 929 (1979); *Burrell v. Ark. Dep't of Human Servs.*, 41 Ark. App. 140, 850 S.W.2d 8 (1993)). By actively participating in the action without objecting to the lack of service, the AAL waived T.S.B.'s due-process challenges related to the service of the petition.

The AAL next argues that T.S.B. was denied her due-process rights when her property interest in her survivor's annuity was diverted without proper notice. He contends

---

[2]Despite the current AAL's assertions to the contrary, our review of the record reveals that Suzi Meller was the AAL for T.S.B. at the time of the filing of Wright's petition, having been appointed as AAL on August 25, 2015—two years before the petition for change of custody was filed in August 2017.

[3]T.S.B. was present at the hearing, although she remained outside the courtroom.

3

that nothing in the petition or at the hearing indicated that the parties were seeking to divert her annuity benefits. This argument is not preserved for our review. We note that the AAL was present when the parties agreed on the record that T.S.B.'s survivor's benefits would be redirected, and yet he lodged no objection at that time. Our supreme court has routinely held that an appellant must object at the first opportunity to preserve the matter for appeal. *Hunt v. Perry*, 357 Ark. 224, 241, 162 S.W.3d 891, 901 (2004); *see also Farm Bureau Mut. Ins. Co. v. Foote*, 341 Ark. 105, 14 S.W.3d 512 (2000). Counsel did not make any objections to the court's consideration of T.S.B.'s survivor benefits. Nor does it appear that the AAL ever made this particular argument to the trial court. We have consistently held that we will not consider issues raised for the first time on appeal, even constitutional ones. *Hunter v. Ark. Dep't of Human Servs.*, 2018 Ark. App. 500, at 4–5, 562 S.W.3d 883, 886; *Maxwell v. Ark. Dep't of Human Servs.*, 90 Ark. App. 223, 205 S.W.3d 801 (2005).

Likewise, the AAL's argument that Arkansas Code Annotated section 9-27-312 is ambiguous and should be interpreted to require service of the petition for change of custody in a FINS proceeding on a minor child under the age of ten, is also not preserved for appeal because it was never presented to the trial court. In fact, that particular statute is not cited in any of the posthearing filings to the trial court. As indicated above, we will not consider issues raised for the first time on appeal, even constitutional ones. *Hunter, supra.*

Finally, the AAL contends that the denial of his access to juvenile-court records deprived T.S.B. of the equal-protection benefits of Arkansas Code Annotated section 9-27-316(f) (Supp. 2017). Admittedly, section 9-27-316(f)(4) provides that "[a]n attorney ad litem shall be provided access to all records relevant to the juvenile's case." The AAL claims that

contrary to the language of the statute, he was denied access to records relevant to T.S.B.'s case. He further asserts that due to the way the computer system containing the court record is administered, it is likely that AALs are being denied access to pertinent records and information that are routinely being made available to prosecuting attorneys and attorneys employed by DHS. He maintains that because there is no rational basis or legitimate governmental purpose for this distinction, this denial of access cannot withstand equal-protection review.

We conclude that this equal-protection argument is not preserved for our review. There is nothing in the record to indicate that this issue was raised before the court at the FINS hearing on custody. The AAL did file a posttrial report complaining that he had initially been denied access by the clerk of the court to the records filed in T.S.B.'s FINS case.[4] He did not, however, make the specific equal-protection argument that he now asserts on appeal.[5] A party cannot change an argument on appeal and is bound by the scope of the arguments made to the trial court. *Andrews v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 22, 388 S.W.3d 63 (citing *Holiday Inn Franchising, Inc. v. Hotel Assocs., Inc.*, 2011 Ark. App. 147, 382 S.W.3d 6). Because no specific equal-protection argument was raised below, this point is not preserved for our review. *Williams v. Ark. Dep't of Human Servs.*, 2019 Ark. App. 280, at 7, 577 S.W.3d 402, 407.

---

[4]T.S.B.'s FINS case was consolidated with her half brother's FINS case. Because of the consolidation, the AAL alleged that the two cases were not properly linked and that he had not been listed as the appointed AAL in T.S.B.'s original case file.

[5]We note that the AAL asserted this particular equal-protection argument for the first time in the notice of appeal he filed on June 29, 2018.

For the foregoing reasons, we affirm.

Affirmed.

GRUBER, C.J., and MURPHY, J., agree.

*Paul F. Miller*, for appellant.

One brief only.