Cite as 2025 Ark. App. 30

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-23-524

CONNIE YOUNG, F/D/A CONNIE
JEAN AUSTIN, AND ALL OTHER
OCCUPANTS OF 94 WESTERN HILLS
CIRCLE, GREENBRIER, AR 72058
APPELLANTS

V.

DONALD SCOTT BOGGS, TRUSTEE
OF THE PEGGY ANN BOGGS YOUNG
REVOCABLE TRUST
APPELLEE

Opinion Delivered January 22, 2025

APPEAL FROM THE FAULKNER
COUNTY CIRCUIT COURT
[NO. 23CV-20-923]

HONORABLE SUSAN WEAVER,
JUDGE

AFFIRMED IN PART; REVERSED IN PART

**KENNETH S. HIXSON, Judge**

This appeal arises from an action for ejectment and unlawful detainer brought by appellee Donald Scott Boggs, trustee of the Peggy Ann Boggs Young Revocable Trust (Boggs), against appellant Connie Young (Connie), concerning property in Greenbrier (the property). The trial court entered a partial summary-judgment order finding that Boggs is the exclusive owner of the property and awarding Boggs sole possession, and after a hearing on damages, the trial court entered another order awarding Boggs $4500 in damages in addition to $16,500 in attorney's fees and $355 in costs.

Connie now appeals, raising two arguments for reversal. First, Connie argues that the trial court lacked personal jurisdiction because there is no evidence of service in the record. Second, Connie argues that the attorney-fee award should be reversed because there

is no statutory authority for the fees. We hold that the trial court had personal jurisdiction based on Connie's appearance in the case and waiver of sufficient service, and we affirm the trial court's finding that Boggs is the exclusive owner of the property and the award of damages and costs. However, we agree with Connie that there was no statutory basis for the attorney's fees; therefore, the award of attorney's fees is reversed.

The background facts are as follows. In 2002, Peggy Ann Boggs Young created the Peggy Ann Boggs Young Revocable Trust (the trust), and nominated her son, Donald Scott Boggs, as trustee. At the execution of the trust, Peggy and her then husband, Lionel Craig Young, also executed a warranty deed in which they conveyed their entire interest in the property to the trust. Peggy resided on the property until her death in February 2018. The trust provided for Lionel to reside on the property during his lifetime and that this interest would terminate upon the earlier of Lionel's remarriage or his death. After Peggy died, Lionel married appellant Connie Young in June 2018, and Lionel and Connie resided on the property until Lionel's death in July 2020. After Lionel died, Connie continued to reside on the property.

On August 20, 2020, Donald Scott Boggs, trustee of the Peggy Ann Boggs Young Revocable Trust, brought a complaint against Connie for ejectment pursuant to Ark. Code Ann. §§ 18-60-201 et seq. (Repl. 2015) and unlawful detainer pursuant to Ark. Code Ann. §§ 18-60-301 et seq. (Repl. 2015 & Supp. 2023). In the complaint, Boggs alleged that—pursuant to the terms of the trust—when Lionel married Connie, Lionel relinquished any interest he had in the property and that—certainly upon his death—whatever interest he may

2

have once claimed was terminated. The complaint alleged that Lionel remained in wrongful possession of the property as of his death and that Connie continued to reside on the property without any legal or equitable right to do so. Boggs asked that a temporary ex parte order be entered directing Connie to vacate the property and asked for an order granting Boggs full control and possession. In addition, Boggs requested damages, attorney's fees, and court costs. The trial court scheduled a temporary hearing for September 14, 2020, and Connie was notified of the hearing.

Three days prior to the scheduled hearing—on September 11, 2020—Connie, through counsel Helen Rice Grinder, filed a "Motion for Substitution of Counsel and Continuance for the September 14, 2020 Hearing."[1] This motion asserted:

1. This Court has jurisdiction over the parties and the subject matter herein.

2. On Tuesday, September 8, Mrs. Young retained Ms. Grinder to represent her in addressing issues regarding her and her late husband's assets.

3. This lawsuit was filed on August 20, 2020, and this matter is presently set for a temporary hearing on the possession and control of the subject property on September 14, 2020[.]

4. Christopher Tolleson accepted service on Ms. Young's behalf; however, he is a necessary witness which precludes him from also being counsel (See Rule 3.7 of Ark. R. Prof. Conduct), and time to answer has not yet run; therefore, this matter should be continued for good cause (ARCP 40) for adequate preparation before forcing the widow to move.

---

[1]We note that this was Connie's first appearance in the case and that attorney Christopher Tolleson, referenced in the motion, never filed anything on Connie's behalf.

3

In this motion for a continuance, Connie specifically stated that the trial court had jurisdiction over the parties, and she made no allegation of insufficient service or insufficient service of process. On the same day this motion was filed, the trial court entered an order granting Connie's motion for a continuance, finding that there was good cause for Connie's request and continuing the September 14, 2020 temporary hearing to a date to be scheduled. The temporary hearing was subsequently rescheduled for October 26, 2020.

On October 2, 2020, Connie filed a motion to dismiss Boggs's complaint under Rule 12(b) of the Arkansas Rules of Civil Procedure. Connie raised numerous grounds in her motion including insufficiency of process, insufficiency of service of process, failure to join a necessary party, and pendency of another action between the same parties arising out of the same transaction or occurrence. However, the only ground relevant to this appeal is Connie's claim in her motion and on appeal that there was a lack of sufficient service. In the motion to dismiss, Connie alleged that she did not authorize Christopher Tolleson to accept service on her behalf, that no service was perfected pursuant to Rule 4 of the Arkansas Rules of Civil Procedure, and therefore no personal jurisdiction was established. On October 19, 2020, Boggs responded to Connie's motion to dismiss, stating, among other things, that Connie's counsel had accepted service and asking that the motion be denied.

The temporary hearing was held as scheduled on October 26, 2020, and the parties made arguments regarding Connie's motion to dismiss. With respect to Connie's lack-of-service claim, Connie's counsel argued that Connie never gave Mr. Tolleson the authority to receive anything on her behalf. Connie's counsel stated, "[Connie] was aware that a

4

pleading had been filed, and she was expecting service, but no one just ever came to serve her." Boggs's counsel argued that Connie had accepted service through counsel as evidenced by the fact that "she has filed a responsive filing to this." At the end of the temporary hearing, the trial court stated that it would take Connie's motion to dismiss under advisement.

On November 16, 2020, the trial court entered an order denying Connie's motion to dismiss. Although in its order the trial court rejected all of Connie's alleged grounds for dismissal, the only ground relevant to this appeal in Connie's claim of lack of service. With respect to that claim, the trial court made these findings:

> 4. First, the Court has jurisdiction over the Defendant, because (1) the Defendant unambiguously consented to personal jurisdiction in paragraph [1] of the Motion for Continuance filed on September 11, 2020; and (2) the Defendant waived all arguments regarding insufficiency of service by appearing in the forum and pleading for affirmative relief.

> 5. Arkansas courts have long held that any defects in the service of process are cured or waived by the appearance of the Defendant without raising an objection. *Burrell v. Ark. Dep't of Human Servs.*, 41 Ark. App. 140, 850 S.W.2d 8 (1993). An "appearance" is an action on the part of the Defendant—except to object to jurisdiction—that recognizes the case in court. *Trefla v. Simmons First Bank of Jonesboro*, 98 Ark. App. 287, 254 S.W.3d 775 (2007). The additional requirement for an "appearance" is a request for affirmative relief. *Farm Bureau Mut. Ins. Co. v. Campbell*, 315 Ark. 136, 865 S.W.2d 643 (1993). Under Arkansas law, pleading for additional time—a motion for continuance—constitutes "affirmative relief." *See Affordable Bail Bonds, Inc. v. State*, 2015 Ark. App. 44 (2015).

> 6. Therefore, the Defendant not only consented to jurisdiction, but waived any alleged defect in the service of process by recognizing the case in court and pleading for affirmative relief—which was granted.

On November 25, 2020, Connie filed an answer to Boggs's complaint wherein she admitted occupying the property but alleging that she is the lawful owner of the property. In her answer, Connie asked that Boggs's complaint be dismissed.

On March 18, 2021, Boggs filed a motion for ex parte emergency relief asking that Connie be ordered to vacate the property, alleging that the trust clearly holds title to the property and that Connie was occupying the property with no right of possession.[2] On April 19, 2021, the trial court entered an order granting ex parte emergency relief, ordered Connie to vacate the property, and gave Boggs exclusive possession of the property pending further proceedings on whether permanent injunctive relief should be granted. In that order, the trial court also reserved the issues of damages, attorney's fees, and court costs. Connie vacated the property on April 21, 2021.

On October 17, 2022, Boggs filed a motion for partial summary judgment asserting that Connie had no legal claim to the property and asking that Boggs be declared the rightful owner. Boggs asked for an order quieting title to the property in Boggs and for a subsequent hearing on the remaining issues of damages, attorney's fees, and costs. On October 31, 2022, Connie responded to Boggs's summary-judgment motion again arguing that the case should be dismissed for lack of service and personal jurisdiction.

After holding a hearing on Boggs's motion for partial summary judgment on November 28, 2022, the trial court entered an order for partial summary judgment on

---

[2]Boggs's motion also made additional claims for relief not pertinent to this appeal.

December 5, 2022. In that order, the trial court found as a matter of law that Connie had no legal claim of title or possession to the property and that her occupancy of the property was wrongful under the Arkansas ejectment and unlawful-detainer statutes. The trial court ordered that the property is the exclusive property of Boggs and awarded Boggs sole possession and control. In the partial summary-judgment order, the trial court scheduled a final hearing on the remaining issues of damages, attorney's fees, and costs.

The hearing on damages, attorney's fees, and costs was held on April 3, 2023. Donald Boggs testified that shortly after Connie's husband died in July 2020, in his capacity as trustee of the trust, he informed Connie that she must vacate the property, but she refused. Donald stated that Connie continued to reside there for nine months from July 2020 until April 2021 when she was ordered by the trial court to vacate the property. Donald estimated that the fair rental value of the property was $500 a month, and he asked for $4500 in unpaid rent as damages. Donald also asked for an additional award for alleged damage that had been caused to the property. In her testimony, Connie denied causing any damage during her occupancy of the property. The trial court announced that it would award Boggs damages for unpaid rent but would deny the request for any additional damages.

The trial court then stated from the bench that it was going to award Boggs attorney's fees and costs:

> This is a 2020 case without even having to go into a lot more detail, but the fact that we're at April 3, 2023, on a writ of possession case that began on August 20, 2020, it is obvious that there have been delays. And several of those have been at no fault of Mr. Boggs, as evident in the filings of the continuance orders and things of that

7

nature. So, I will grant the request for fees. However, [Boggs's counsel], you will need to file with the court your affidavit of account.

Connie objected to awarding Boggs attorney's fees and argued that Boggs was not the prevailing party. The trial court stated that Boggs did prevail and that attorney's fees would be awarded.

On April 11, 2023, Boggs's counsel submitted an affidavit for attorney's fees along with an itemized list of the fees. Boggs requested $16,500 in attorney's fees and $350 in costs.

On April 12, 2023, the trial court entered an order awarding Boggs damages of $4500. The order stated, "The Court further finds that due to the length of these proceedings and delays not of [Boggs's] making, [Boggs] is further entitled to the recovery of a reasonable attorney's fee and court costs from [Connie] for the prosecution of this action." The trial court's order awarded Boggs $16,500 in attorney's fees and $355 in costs. Connie appealed.

Connie's first argument on appeal is that the trial court lacked personal jurisdiction because there is no evidence of service in the record. Citing *Cardinal Health v. Beth's Bail Bonds, Inc.*, 2017 Ark. 54, 511 S.W.3d 327, Connie states that due process requires service of pleadings on parties to a lawsuit. Connie states that there is no proof that she was served with Boggs's complaint. Connie acknowledges that the record contains indications that her former attorney Christopher Tolleson may have accepted service, but she asserts that there is nothing to show that Tolleson was authorized to accept service for her.

8

Connie further asserts that, contrary to the trial court's findings, she did not waive sufficiency of service. Connie asserts that her motion for a continuance should not operate as a waiver and contends that pursuant to Rule 4(*l*) of the Arkansas Rules of Civil Procedure, service can only be waived in writing. Rule 4(*l*) provides:

> (*l*) *Waiver*. A party seeking to affirmatively waive sufficiency of service and sufficiency of process shall do so in writing. A waiver pursuant to this subdivision: (1) is not effective unless filed with the clerk and served on all parties as provided in Rule 5; and (2) does not of itself waive any other defense.

Connie asserts that there is no written waiver of service in the record. Connie states that she raised the issue of service of process in a motion to dismiss prior to her answer and argues that because there was no proof of service within 120 days of the complaint, the trial court lacked jurisdiction to take any action other than to dismiss the case (citing Ark. R. Civ. P. 4(i), which provides, "If service of process is not made within 120 days after the filing of the complaint . . . the action shall be dismissed[.]").

We need not decide whether there was proper service of the complaint on Connie because, as found by the trial court in the order denying Connie's motion to dismiss, Connie waived any argument regarding insufficiency of service by appearing in the case and asking for affirmative relief. Specifically, prior to filing her motion to dismiss, Connie filed a motion for substitution of counsel and for continuance, and Connie was granted relief when the trial court granted her a continuance. It is well established that service of valid process is necessary to give a court jurisdiction over a defendant; however, the defense of personal jurisdiction may be waived by the appearance of the defendant without raising an objection.

9

*See Goodson v. Bennett*, 2018 Ark. App. 444, 562 S.W.3d 847. This court "has long recognized that any action on the part of a defendant, except to object to jurisdiction, which recognizes the case in court, will amount to an appearance." *Id.* at 7, 562 S.W.3d at 855.

In denying Connie's motion to dismiss for lack of service, the trial court applied the principles set forth by this court in *Affordable Bail Bonds, Inc. v. State*, 2015 Ark. App. 44. In *Affordable Bail Bonds*, Affordable Bail Bonds posted a $75,000 bond for the release of a criminal defendant to assure her appearance on felony charges, and after the defendant failed to appear at a hearing, the trial court directed the circuit clerk to notify Affordable Bail Bonds to appear on August 22, 2013, and show cause why the full amount of the bond should not be forfeited. Affordable Bail Bonds attended the August 22 show-cause hearing and requested an additional sixty days to produce the criminal defendant; the trial court granted Affordable Bail Bonds additional time until October 3 to produce the defendant. At the October 3 hearing, Affordable Bail Bonds—for the first time—argued that the trial court lacked jurisdiction due to a lack of sufficient service under the relevant statutory scheme for bail-bond proceedings. The trial court rejected the jurisdictional challenge, and we affirmed.

In affirming the trial court's decision in *Affordable Bail Bonds*, we held that defects in service are cured or waived by the appearance of the defendant without raising an objection, and the defendant is precluded from thereafter taking advantage of the defect. We stated further that in deciding whether a defendant has waived his rights and entered an appearance, a determining factor is whether the defendant seeks affirmative relief. Applying

10

those principles, we held that Affordable Bail Bonds waived any objection to service of process because it appeared before the trial court on August 22, raised no objection to insufficiency of service or the court's jurisdiction, but instead asked for the affirmative relief of additional time to locate the fugitive. We thus concluded:

> The trial court granted Affordable Bail Bonds's motion for additional time, and Affordable Bail Bonds first raised its challenge to personal jurisdiction at the continued hearing held on October 3, 2013. This challenge had been waived by appellant's prior appearance without objection, and therefore it came too late.

*Affordable Bail Bonds*, 2015 Ark. App. 44, at 5. *See also Wright v. Wright*, 2023 Ark. App. 512, 678 S.W.3d 640 (holding that because appellant's first pleadings were an entry of appearance and motion for continuance that did not object to service of process or jurisdiction, appellant had waived his challenge to the trial court's personal jurisdiction).

Applying these principles to the present case, Connie's first appearance came when she filed a motion to continue on September 11, 2020, wherein she requested a continuance of the scheduled hearing. In that motion, Connie made no objection to service, and the trial court granted the affirmative relief requested in the motion by granting a continuance. Connie first raised her challenge to sufficient service and personal jurisdiction in her subsequently filed motion to dismiss on October 2, 2020. Because this challenge had been waived by her prior appearance without objection, it came too late. *See Affordable Bail Bonds*, *supra*; *Wright*, *supra*. Therefore, we hold that the trial court committed no error in finding that the issue of sufficiency of service had been waived and in denying Connie's motion to dismiss.

11

Connie's remaining argument is that the trial court's award of $16,500 in attorney's fees to Boggs should be reversed.[3]  Connie cites *Fox v. AAA U-Rent It*, 341 Ark. 483, 17 S.W.3d 481 (2000), where the supreme court stated that Arkansas follows the American rule, which requires every litigant to bear his or her attorney's fees, absent a state statute to the contrary.  Connie asserts that Boggs's action was premised on ejectment under Ark. Code Ann. §§ 18-60-201 et seq. and unlawful detainer under Ark. Code Ann. §§ 18-60-301 et seq. and that neither statutory scheme provides for the recovery of attorney's fees.  Although Ark. Code Ann. § 16-22-308 provides that the prevailing party in a breach-of-contract action may recover reasonable attorney's fees, Connie notes that there was no allegation of any contract between the parties.  Connie argues that because there is no statutory authority for awarding the attorney's fees, the award of attorney's fees must be reversed.  We agree.

As a general rule, attorney's fees are not awarded in Arkansas unless they are expressly provided for by statute or rule.  *Sec. Pac. Hous. Servs., Inc. v. Friddle*, 315 Ark. 178, 866 S.W.2d 375 (1993).  Our survey of the Arkansas ejectment and unlawful-detainer statutes reveals no authority for the assessment of attorney's fees.

Such was demonstrated in *Anderson's Taekwondo Center Camp Positive, Inc. v. Landers Auto Group No. 1, Inc.*, 2015 Ark. 268.  In *Landers*, appellee Landers brought an unlawful-detainer action against appellant Anderson's Taekwondo Center and prevailed on summary judgment.  However, the trial court denied Landers's request for attorney's fees.  On direct

---

[3]Connie does not challenge the costs of $355 awarded to Boggs.

appeal, the supreme court held that the trial court properly granted Landers summary judgment on the issue of unlawful detainer. Landers cross-appealed on the attorney-fee issue, and the supreme court affirmed:

> Here, Landers's argument is meritless. Because there was no contract between the parties, the attorney's fees cannot be recovered in the instant case. For these reasons, we conclude that the circuit court did not abuse its discretion in denying Landers's request for attorney's fees.

*Landers*, 2015 Ark. 268, at 10. Also, in *Woods v. Kirby*, 238 Ark. 382, 382 S.W.2d 4 (1964), the supreme court stated that there is neither statutory nor common-law authority for the allowance of attorney's fees in an unlawful-detainer action. Similarly, because there is no authority for awarding attorney's fees in the instant case, the award of attorney's fees is reversed.

In conclusion, we reject Connie's argument that the trial court lacked personal jurisdiction because of insufficiency of service because any defects in service were waived by Connie's appearance in the case without raising an objection. Therefore, we affirm the trial court's finding that Boggs is the exclusive owner of the property and the award of damages and costs. However, we reverse the award of attorney's fees because there is no statutory authority authorizing the fees.

Affirmed in part; reversed in part.

BARRETT and MURPHY, JJ., agree.

*Tim Cullen*, for appellant.

One brief only.

13